IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                                               Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,
KRAFT AMERICAS, L.P., a limited
partnership, RUNE KRAFT, an individual,
JOHN DOES 1-5, and KRAFT AMERICAS
HOLDINGS, INCORPORATED,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff CalMat Co.'s [1] Motion for Order Directing Interpleader, Excusing Participation, and Awarding Attorney Fees and Costs (Motion), filed March 16, 2016. (Doc. 9). Defendant Oldcastle Precast, Inc. (Oldcastle) responded to the Motion on March 29, 2016, while Defendant Kraft Americas Holdings, Incorporated (KAHI) filed a response on May 17, 2016. (Docs. 10 and 26). Plaintiff filed a reply on June 2, 2016. (Doc. 30). Having reviewed the Motion and accompanying briefing, the Court grants the Motion as described herein.

A. *Background*

In February 1999, American Building Supply, Inc. agreed to pay royalty payments, both monthly and annually, to Defendant Kraft Americas, L.P. (Kraft L.P.), a Delaware limited partnership with its principal place of business in Delaware, for aggregate mined in New Mexico. (Doc. 1) at ¶ 4); (Doc. 4-1). In May 2015, Plaintiff, a New Jersey corporation with its principal

---

[1] It appears Vulcan Materials is the successor in interest to CalMat Co. *See* (Doc. 9) at 10.

place of business in Arizona, succeeded to the interests of American Building Supply, Inc.  (Doc. 1) at ¶ 2; (Doc. 9) at 1.  Plaintiff, therefore, is obligated under the 1999 agreement to pay royalty payments.  Plaintiff contends that it, indeed, paid the royalty payments to "Kraft Americas."  (Doc. 9) at ¶ 2 in MC No.15-33 WJ.

In June 2011, Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan (Inland Concrete) obtained a default judgment in the United States District Court for the Central District of California against Kraft L.P., and *pro se* Defendant Rune Kraft (Kraft), a resident of Delaware, in the amount of $3,808,483.00 plus interest of 0.18% per annum.  (Doc. 1) in MC No. 15-33 WJ; (Doc. 1) at ¶¶ 5 and 10.

In July 2015, Inland Concrete filed in this District Court a Certification of Judgment for Registration in Another District, which was assigned to United States District Judge William Johnson.  (Doc. 1) in MC No.15-33 WJ.  Inland Concrete then assigned its interest in the default judgment to Oldcastle.  (Doc. 1) at ¶ 1.  In August 2015, Judge Johnson granted Oldcastle's Application for Writ of Garnishment and issued a Writ of Garnishment naming Plaintiff as garnishee and Kraft L.P. as the judgment debtor.  (Docs. 3 and 4) in MC No.15-33 WJ.  Plaintiff then answered the Writ of Garnishment and informed Kraft L.P. and KAHI of the garnishment.  (Doc. 6) in MC No.15-33 WJ; (Doc. 9) at 9-10, 52.

Plaintiff was subsequently notified that Kraft L.P. had in March 1999, days after entering into the royalty agreement with American Building Supply, Inc., assigned its interest in the royalty agreement to KAHI, thereby allegedly making KAHI the sole beneficiary of the royalty agreement.  (Docs. 1-3 and 1-4).  Consequently, KAHI, who is not the judgment debtor, claims that Plaintiff cannot garnish the royalty payments now owed to it.  Oldcastle, however, argues that Kraft L.P.'s assignment of the royalty agreement interest to KAHI is invalid and fraudulent,

and that KAHI and Kraft L.P. are, in fact, a single entity owned and managed by Kraft. Hence, Oldcastle concludes that the royalty agreement proceeds are subject to garnishment by virtue of Kraft L.P., as the judgment debtor, still being the sole beneficiary of the royalty agreement.

Plaintiff does not dispute that it owes the royalty payments. (Doc. 1) at ¶ 22. Plaintiff also takes no position on which party is entitled to the royalty payments, whether KAHI or Oldcastle. *Id.* Plaintiff, therefore, claims that it is a disinterested stakeholder who is at risk of suffering multiple liabilities from an erroneous distribution of the royalty proceeds. *Id.* at ¶¶ 22 and 23. Consequently, Plaintiff filed this interpleader action on January 12, 2016, naming as Defendants Oldcastle, Kraft L.P., Kraft, KAHI, and John Does 1-5. Judge Johnson subsequently stayed the garnishment action pending the outcome of this interpleader action. (Doc. 8) in MC No.15-33 WJ.

Kraft has since filed a motion to dismiss himself and Kraft L.P. from this lawsuit while KAHI has filed a motion for summary judgment. (Docs. 16 and 21). Those motions are now ripe for decision and are pending before the Court.

B. The Motion

Plaintiff now moves the Court pursuant to Fed. R. Civ. 22 to (1) permit Plaintiff to interplead the royalty agreement proceeds, (2) discharge Plaintiff "from all liability arising out of or in connection with the proceeds paid pursuant to the royalty agreement," (3) excuse Plaintiff "from participating in this action other than to make the recurring payments into the Court

Registry,"[2] and (4) award Plaintiff reasonable attorney's fees and costs incurred in bringing this action. (Doc. 9) at 1 and 6. The Court notes that Plaintiff does not support its general request for an award of reasonable attorney's fees and costs with any supporting documentation.

Oldcastle does not object to the interpleader, but does object to Plaintiff's request to be excused from participation in this lawsuit to the extent Plaintiff would be exempt from discovery. Oldcastle also takes no position on the request for an award of reasonable attorney's fees and costs, except to ask that the payment of fees and costs be made from the interpleader funds.

KAHI argues that the Court has neither personal nor subject matter jurisdiction, and that this matter should be litigated in the Central District of California. In the alternative, KAHI does not object to the interpleader, but, otherwise, objects to Plaintiff's requests to be discharged from "all liability"[3] and for an award of reasonable attorney's fees and costs.

C. Discussion

   1. Jurisdiction and Venue

KAHI argues, without further explanation, that this "Court does not have jurisdiction over the parties as minimum contacts have not been established, the amount in controversy for

---

[2] Plaintiff requests in its complaint that the Court resolve Defendants' claims "without further involvement of CalMat" and states in the Motion and the reply that, aside from making payments into the Court registry, the Court should excuse Plaintiff from further participation in this matter. (Doc. 1) at 6; (Doc. 9) at 5 and 6; (Doc. 30) at 6. However, Plaintiff seems to have inadvertently stated in the Motion that it seeks to be dismissed "from this action with prejudice following deposit of the funds in issue…." (Doc. 9) at 1. Obviously, this statement contradicts the complaint, the remainder of the Motion, and the reply in which Plaintiff merely seeks to be excused from further participation in this case. Hence, the Court will disregard the assertion that Plaintiff seeks to be dismissed with prejudice.

[3] KAHI also opposes the apparent inadvertent request by Plaintiff for dismissal with prejudice. As the Court already indicated, it will disregard that request.

federal jurisdiction has not been met, and the Default Judgment sought to be enforced is in litigation with proceedings in the U.S. Central District Court for California." (Doc. 26) at 1.

### a. Personal Jurisdiction: Minimum Contacts

With respect to KAHI's minimum contacts contention, the Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291(1980) (quotation omitted). The "minimum contacts" standard may be met "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (quotations and citations omitted). In this case, the royalty agreement, which KAHI claims to be the sole beneficiary of, pertains to royalty payments for mining activities in New Mexico. Such a claim to royalty payments tied to mining in New Mexico constitutes a purposeful activity directed at New Mexico residents. Additionally, the Writ of Garnishment and this interpleader action arise from the royalty agreement. The royalty agreement and KAHI's purported interest in the proceeds of the agreement, therefore, constitute minimum contacts with New Mexico, and, thus, satisfy the Due Process Clause.

Even if there are no minimum contacts, Plaintiff argues that KAHI waived any objection to personal jurisdiction by filing a dispositive motion for summary judgment in this action. *See* (Doc. 21). As this District has held, a defendant may implicitly waive the defense of lack of personal jurisdiction "by actively participating in the case—through, for example, … filing dispositive motions on the merits of the plaintiff's claims." *Fabara v. GoFit, LLC*, 308 F.R.D. 380, 393 (D.N.M. 2015), *as amended* (Aug. 20, 2015) (citing *Bel–Ray Co., Inc. v. Chemrite (Pty)*

*Ltd.,* 181 F.3d 435, 443–44 (3d Cir.1999)). *See also Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir.1990) (party waived personal jurisdiction defense by participating in discovery, filing dispositive motions, and participating in trial). Accordingly, the Court determines, in the alternative, that KAHI's filing of a motion for summary judgment constitutes an implicit waiver of any personal jurisdiction defense. In sum, the Court concludes that it has personal jurisdiction over KAHI.

### b. Subject Matter Jurisdiction: Amount in Controversy

Plaintiff alleges in its complaint that the Court has subject matter jurisdiction based on diversity jurisdiction. (Doc. 1) at ¶ 8. A federal court has diversity jurisdiction in suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff specifically alleges in the complaint that the proceeds of the royalty agreement at issue are greater than $75,000. *Id.* Plaintiff further alleges in the complaint that the default judgment, which is the subject of the Writ of Garnishment and this interpleader action, exceeds $3 million dollars. *Id.* at ¶ 10.

When determining the amount in controversy, "the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000). "The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount." *Id.* A plaintiff's complaint must allege sufficient facts "to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Id.* (quotations and citations omitted). Notably, the Tenth Circuit has explained that "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied," and "[t]here is a strong presumption favoring the amount alleged by the plaintiff." *Woodmen of World Life Ins.*

*Society v. Manganaro,* 342 F.3d 1213, 1216–17 (10th Cir. 2003). Considering Plaintiff's apparent good faith claim that the proceeds of the royalty agreement which Plaintiff seeks to interplead are greater than $75,000, and having reviewed the complaint in its entirety, including the fact that an over $3 million dollar default judgment is at issue, Plaintiff has convinced the Court that recoverable damages could reasonably meet the $75,000 threshold amount in controversy. Consequently, the Court has subject matter jurisdiction over this matter.[4]

        *c. Venue: Central District of California*

The Court construes KAHI's concern that the default judgment "is in litigation with proceedings in the U.S. Central District Court for California" as a request to transfer venue to the Central District of California. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Under Section 1404(a), "[t]he party moving to transfer a case … bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). KAHI has not carried that burden in the least. Hence, the Court denies KAHI's apparent request to transfer venue to the Central District of California.

    *2. Interpleading the Royalty Agreement Proceeds*

KAHI and Oldcastle agree that the royalty agreement proceeds should be deposited with the Clerk of the Court. The Court, therefore, grants Plaintiff's request to interplead the proceeds of the royalty agreement.

---

[4] KAHI does not dispute that there is complete diversity of citizenship and the Court, upon review of the complaint, finds complete diversity of citizenship.

### 3. Discharging Plaintiff from Liability

KAHI contends that the Court should not discharge Plaintiff from "all liability," because "Plaintiff is fully aware that KAHI is not a Judgment Debtor, that Plaintiff is in breach of contract to KAHI and maybe liable for tortuous [sic] interference with an advantageous business relationship among other state court claims." (Doc. 26) at 2. Plaintiff clarifies that it does not seek a discharge from "all liability" as such. Rather, Plaintiff "seeks only a discharge from liability in connection with or related to the payment or disbursement of the interplead[ed] funds." (Doc. 30) at 3. Furthermore, under Rule 22(a)(1), a plaintiff can file an interpleader action to join "[p]ersons with claims that may expose a plaintiff to double or multiple liability" for an erroneous distribution of funds. Therefore, the fact that KAHI believes that Plaintiff may be liable to it does not foreclose Plaintiff from filing this interpleader action. The Court determines that a limited discharge from liability, as requested by Plaintiff, is appropriate. *See, e.g., In re Millennium Multiple Employer Welfare Ben. Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (in interpleader action, court may discharge "interpleader of further liability…."); *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994) ("once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.").

### 4. Excusing Plaintiff from Further Participation in this Lawsuit

Oldcastle "requests that Plaintiff be required to participate in any discovery required by Oldcastle to prove its claim on the interpleader funds and to give any necessary testimony on issues relating to the interpleader funds." (Doc. 10) at 2. Plaintiff correctly observes that Oldcastle can take depositions of non-parties and subpoena documents from non-parties. *See* Fed. R. Civ. P. 30(a)(1) ("party may, by oral questions, depose *any person*, including a

party….") (emphasis added); Fed. R. Civ. P. 31(a)(1) ("party may, by written questions, depose *any person*, including a party….") (emphasis added); *Tank Connection, LLC v. Haight*, 2015 WL 3514830, at *6 (D. Kan.) ("The appropriate procedure to compel a non-party, such as USA Tank, to produce such documents is to serve a subpoena under Rule 45."). Consequently, Oldcastle can still obtain discovery from Plaintiff even if the Court limits Plaintiff's participation in this lawsuit. The Court concludes that, as a disinterested stakeholder, Plaintiff need not participate further in this litigation as a litigant, except to deposit proceeds from the royalty agreement into the Court registry.

     *5. Attorney's Fees and Costs*

KAHI argues that Plaintiff is not entitled to attorney's fees and costs, because it voluntarily chose to bring this lawsuit. KAHI also argues that the Court should disregard Plaintiff's citation to *Transamerica Premier Ins. Co. v. Growney*, a Tenth Circuit unpublished case, for the proposition that awarding attorney's fees and costs to an interpleader plaintiff is a "common practice." 70 F.3d 123, 1995 WL 675368 (10th Cir.) Further, KAHI contends that Plaintiff has not shown good cause for paying attorney's fees and costs from the interpleaded funds. Finally, KAHI argues that the Court cannot grant Plaintiff's request for an award of reasonable attorney's fees and costs when the Court has not had an opportunity to determine what those fees and costs amount to.

Contrary to KAHI's argument that Plaintiff's voluntary decision to bring this interpleader action precludes it from an award of attorney's fees and costs, the Tenth Circuit has held that "[t]he propriety of the allowance of costs, including a reasonable attorney's fee, to a plaintiff in an interpleader action is well recognized…." *United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960). Moreover, the Court notes that while unpublished Tenth Circuit cases, like

*Transamerica Premier Ins. Co.*, do not have precedential value, they "may be cited for their persuasive value." 10th Cir. R. 32.1(A). Considering the dearth of Tenth Circuit cases on the issue of awarding attorney's fees and costs to interpleader plaintiffs, Plaintiff and the Court are right to cite *Transamerica Premier Ins. Co.* for its persuasive value.

The Tenth Circuit in *Transamerica Premier Ins. Co.* acknowledged that courts have held that "[t]he award of fees and costs to an interpleader plaintiff, or 'stakeholder,' is an equitable matter that lies within the discretion of the trial court." 1995 WL 675368, at *1 (citations omitted). Consistent with *Chapman*, the Tenth Circuit further observed "the 'common practice' of reimbursing an interpleader plaintiff's litigation costs…." *Id.* (citing *United States Fidelity & Guar. Co. v. Sidwell,* 525 F.2d 472, 475 (10th Cir. 1975)). The Tenth Circuit explained that

> [t]he rationale for the award is that the plaintiff has, at its own expense, facilitated the efficient resolution of a dispute in which it has no interest (other than avoiding liability for an erroneous distribution of the stake), to the benefit of the competing claimants-the true disputants-who should be able to cover the typically minor expense involved out of the fund distributed to them.

*Id.* (citations omitted). The Tenth Circuit then stated that

> fees are normally awarded to an interpleader plaintiff who "(1) is 'disinterested' (*i.e.,* does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge," and "who is [not] in some way culpable as regards the subject matter of the interpleader proceeding."

*Id.* (citations omitted).

Despite these reasonable guidelines for determining when to award reasonable attorney's fees and costs to an interpleader plaintiff, KAHI seeks to distinguish *Transamerica Premier Ins. Co.* from this case on the ground that it did not involve a garnishment where a defendant is a non-judgment debtor who owns the disputed *res*, as KAHI claims. KAHI, however, fails to explain why this distinction is one that matters. The rationale, as described in *Transamerica Premier Ins. Co.*, for awarding reasonable attorney's fees and costs to an interpleader plaintiff

10

applies equally here.  Moreover, Plaintiff easily meets the factors outlined by the Tenth Circuit for an award of reasonable attorney's fees and costs, i.e., Plaintiff is a disinterested party who (1) concedes full liability for paying the royalty payments, (2) seeks to deposit those payments in the Court registry, (3) seeks discharge from liability related to the payment of the royalty agreement proceeds, and (4) is not culpable in some way with respect to the payment of the royalty agreement proceeds.  The Court, in the exercise of its discretion, determines that the above factors justify awarding Plaintiff reasonable attorney's fees and costs incurred in bringing this action.  The Court further determines that the fees and costs will be payable from the interpleaded funds.  *See United States Fidelity & Guar. Co.,* 525 F.2d at 475 ("ordinarily a fund so deposited is chargeable with the reasonable fees incurred."); *QuikTrip Corp. v. Javaher*, 2015 WL 7103558, at *6 (N.D. Okla.) ("The court retains discretion whether to award attorneys' fees and costs to the stakeholder from the deposited funds."); *Tower Life Ins. Co. v. Tucker*, 557 F. Supp. 2d 1287, 1293 (D.N.M. 2007) ("These fees and costs are payable from the funds on deposit in the court registry.").

   KAHI, however, validly points out that, at this time, the Court cannot determine what those reasonable attorney's fees and costs are.  Plaintiff must file a supporting brief, affidavits, and time records to support such an award, and Defendants must have an opportunity to object to Plaintiff's proposed award.  Moreover, Plaintiff suggests in its response to KAHI's motion for summary judgment that the Court should, depending on the outcome of the motion for summary judgment, decide "whether KAHI or Oldcastle bear any responsibility to reimburse [the interpleaded funds] any or all of" the attorney's fees and costs.  (Doc. 27) at 4.  Considering the above concerns, the Court will allow Plaintiff to file a motion for reasonable attorney's fees and

costs, with appropriate documentation and argument on reimbursement issues, after the Court rules on KAHI's motion for summary judgment.

IT IS ORDERED that

1. Plaintiff CalMat Co.'s Motion for Order Directing Interpleader, Excusing Participation, and Awarding Attorney Fees and Costs (Doc. 9) is granted;

2. within seven days of the entry of this Memorandum Opinion and Order, Plaintiff must pay the Clerk of the Court the royalty payments due under the royalty agreement which Plaintiff currently possesses, if any, and, thereafter, Plaintiff must pay the royalty payments into the Court's registry as they come due under the terms of the royalty agreement;

3. in accordance with Fed. R. Civ. P. 67, the Clerk of the Court is authorized and directed to accept the interpleaded funds for deposit in an interest bearing account until further order of the Court;

4. Plaintiff is discharged from liability in connection with, or relating to, the payment of proceeds under the royalty agreement so long as Plaintiff pays those proceeds into the Court registry pursuant to the royalty agreement and this Memorandum Opinion and Order;

5. except for making recurring royalty payments into the Court registry, Plaintiff is excused from further participation as a litigant in this lawsuit;

6. Plaintiff will be awarded reasonable attorney's fees and costs incurred in bringing this lawsuit which will be paid from the interpleaded funds;

7. after the Court rules on KAHI's motion for summary judgment, Plaintiff has fourteen days from the date of that ruling to file a motion for reasonable attorney's fees and costs with supporting documentation and argument regarding any reimbursement to the interpleaded funds; and

8. the parties will brief the motion for attorney's fees and costs pursuant to the Local Rules and Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE