IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,
KRAFT AMERICAS, L.P., a limited
partnership, RUNE KRAFT, an individual,
JOHN DOES 1-5, and KRAFT AMERICAS
HOLDINGS, INCORPORATED,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Defendant Rune Kraft's (Kraft) Motion to Dismiss, filed April 19, 2016. (Doc. 16). Kraft moves to dismiss the interpleader complaint in its entirety as to himself and Defendant Kraft Americas, L.P. (Kraft LP). Plaintiff responded on May 2, 2016, and Defendant Oldcastle Precast, Inc. (Oldcastle) responded on May 3, 2016. (Docs. 22 and 23). Kraft filed a reply on May 13, 2016. (Doc. 25). Having reviewed the complaint, the Motion to Dismiss, and the accompanying briefing, the Court grants the Motion to Dismiss, in part, in that the Court dismisses Plaintiff's claims against Kraft with prejudice.

As an initial matter, the Court notes that Kraft LP is not represented by counsel despite being informed by the Court that "[p]ursuant to D.N.M. LR-Civ 83.7, a corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." (Doc. 14). Kraft, who does not purport to be an attorney, cannot, under Rule 83.7, legally represent Kraft LP. Consequently, the Court disregards any arguments Kraft makes on behalf of Kraft LP.

Plaintiff brings this interpleader action to determine the proper recipient of the proceeds payable under a royalty agreement originally between American Builders Supply, Inc. and Kraft LP. Shortly after entering into the royalty agreement, Kraft LP apparently assigned its interest in the agreement to Defendant Kraft Americas Holding, Inc. (KAHI). American Builders Supply, Inc. also later assigned its interest to Plaintiff. Pursuant to the royalty agreement, Plaintiff pays "Kraft Americas" monthly and annual royalty payments.

This interpleader action arises from a Writ of Garnishment naming Plaintiff as garnishee and Kraft LP as a judgment debtor. The garnishment proceeding, which is stayed pending resolution of this case, arose from Oldcastle's attempt to collect on a default judgment entered against Kraft and Kraft LP. If KAHI, which is not a judgment debtor, is the sole beneficiary of the royalty agreement, then Plaintiff cannot garnish the proceeds of the royalty agreement. Oldcastle argues, on the other hand, that Kraft LP's assignment of the royalty agreement interest to KAHI is invalid and fraudulent, and that KAHI and Kraft LP are, in fact, a single entity owned and managed by Kraft. Hence, Oldcastle concludes that the royalty agreement proceeds are subject to garnishment by virtue of Kraft LP, as the judgment debtor, still being the sole beneficiary of the royalty agreement. Plaintiff names Kraft as a Defendant, presumably, because he allegedly owns and operates KAHI and Kraft LP.

Although Oldcastle opposes the Motion to Dismiss, Plaintiff now agrees to dismiss the complaint against Kraft, individually. Plaintiff observes that Kraft, as an individual, has not claimed an interest in either the royalty agreement or the royalty payments, the subjects of this interpleader action and the underlying garnishment proceeding. As master of its complaint, Plaintiff can decide not to sue Kraft, individually. *See Hansen v. Harper Excavating, Inc.*, 641

2

F.3d 1216, 1220 (10th Cir. 2011) ("Generally, the plaintiff is the master of his complaint….").

Accordingly, the Court will dismiss with prejudice the complaint against Kraft, individually.

IT IS ORDERED that

1. the Motion to Dismiss (Doc. 16) is granted, in part; and

2. the complaint against Kraft, individually, will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE