IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

       Plaintiff,

vs.                                  Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,
KRAFT AMERICAS, L.P., a limited
partnership, JOHN DOES 1-5, and
KRAFT AMERICAS HOLDINGS,
INCORPORATED,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon "Defendant, Kraft Americas Holdings, Incorporated's, Motion for Summary Judgment" (Motion for Summary Judgment), filed April 27, 2016. (Doc. 21). Defendant Oldcastle Precast, Inc. (Oldcastle) filed a response on May 11, 2016, and Plaintiff filed a response on May 23, 2016. (Docs. 24 and 27). Defendant Kraft Americas Holdings, Incorporated (KAHI) filed a reply on May 24, 2016. (Doc. 28). Having reviewed the Motion for Summary Judgment, the accompanying briefing, and relevant evidence, the Court denies the Motion for Summary Judgment.

A. *Background*

     *1. The Royalty Agreement*

In February 1999, American Building Supply, Inc. agreed to pay royalty payments, both monthly and annually, to Defendant Kraft Americas, L.P. (Kraft LP) for aggregate mined in New Mexico. (Doc. 1) at ¶ 4); (Doc. 4-1). In May 2015, Plaintiff succeeded to the interests of American Building Supply, Inc. (Doc. 1) at ¶ 2; (Doc. 9) at 1. Plaintiff, therefore, is obligated

under the 1999 agreement to pay royalty payments.  Plaintiff contends that it, indeed, paid the royalty payments to "Kraft Americas."  (Doc. 9) at ¶ 2 in MC No.15-33 WJ.

    *2.  Procedural History*

    In June 2011, Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan (Inland Concrete) obtained a default judgment in the United States District Court for the Central District of California against Kraft LP and Rune Kraft (Kraft) in the amount of $3,808,483.00 plus interest of 0.18% per annum.  (Doc. 1) in MC No. 15-33 WJ; (Doc. 1) at ¶¶ 5 and 10.

    In July 2015, Inland Concrete filed in this Court a Certification of Judgment for Registration in Another District, which was assigned to United States District Judge William Johnson.  (Doc. 1) in MC No.15-33 WJ.  Inland Concrete then assigned its interest in the default judgment to Oldcastle.  (Doc. 1) at ¶ 1.  In August 2015, Judge Johnson granted Oldcastle's Application for Writ of Garnishment and issued a Writ of Garnishment naming Plaintiff as garnishee and Kraft LP as the judgment debtor.  (Docs. 3 and 4) in MC No.15-33 WJ.  Plaintiff then answered the Writ of Garnishment and informed Kraft LP and KAHI of the garnishment.  (Doc. 6) in MC No.15-33 WJ; (Doc. 9) at 9-10, 52.

    Plaintiff was subsequently notified that Kraft LP had in March 1999, days after entering into the royalty agreement with American Building Supply, Inc., assigned its interest in the royalty agreement to KAHI, thereby allegedly making KAHI the sole beneficiary of the royalty agreement, not Kraft LP.  (Docs. 1-3 and 1-4).  Consequently, KAHI, who is not the judgment debtor, claims that Plaintiff cannot garnish the royalty payments now owed to it.  Oldcastle, however, argues that Kraft LP's assignment of the royalty agreement interest to KAHI is invalid and fraudulent, and that KAHI and Kraft LP are, in fact, a single entity owned and managed by Kraft.  Hence, Oldcastle concludes that the royalty agreement proceeds are subject to

garnishment by virtue of Kraft LP, as the judgment debtor, still being the sole beneficiary of the royalty agreement.

Plaintiff does not dispute that it owes the royalty payments.  (Doc. 1) at ¶ 22.  Plaintiff also takes no position on which party is entitled to the royalty payments, whether KAHI or Oldcastle.  *Id.*  Plaintiff, therefore, claims that it is a disinterested stakeholder who is at risk of suffering multiple liabilities from an erroneous distribution of the royalty proceeds.  *Id.* at ¶¶ 22 and 23.  Consequently, Plaintiff filed this interpleader action on January 12, 2016.  Judge Johnson subsequently stayed the garnishment action pending the outcome of this interpleader action.  (Doc. 8) in MC No.15-33 WJ.  Then, on October 5, 2016, the Court ordered that the royalty agreement proceeds be interpled.  (Doc. 55).

### 3.  *Facts Presented Regarding the Motion for Summary Judgment*

KAHI's real estate manager, Jose Diaz, attested in a declaration that KAHI "has never had dealings" with Oldcastle.[1] (Doc. 21) at 8, ¶¶ 5 and 6.  Diaz also attested that KAHI and Kraft LP have separate mailing addresses, separate ownership, and separate tax Employer Identification Numbers (EINs).  *Id.* at 9, ¶¶ 14, 15, and 17.  KAHI has offered to provide its EIN number to the Court for an *in camera* review and has already provided it to Plaintiff.  *Id.* at 3, ¶ 8; 26; and 28.  Diaz further notes that, since the assignment of interest in the royalty agreement to KAHI, Kraft LP has not received any royalty payments and that KAHI has, instead, received those payments.  *Id.* at 8, ¶ 7 and 9, ¶ 17.

---

[1] Oldcastle contends in its response that KAHI, in fact, had dealings with it through its affiliated company "Way Cor" Materials, Inc.  (Doc. 24) at 4.  However, Oldcastle does not support this contention with any affidavit or other admissible evidence.  Consequently, the Court does not rely on that contention in deciding the Motion for Summary Judgment.

Tax documents from 2013 to 2015 show that Plaintiff[2] paid royalties to "Kraft Americas" located in Glendale, Arizona. *Id.* at 11-13. KAHI letterhead shows the same address in Glendale, Arizona, while the royalty agreement provides the Glendale, Arizona address for Kraft LP. *Id.* at 19; (Doc. 4-1) at 7. Moreover, KAHI and Kraft LP were incorporated on the same date in Delaware and share the same registered agent. (Docs. 24-1 and 24-2).

When Plaintiff[3] ceased paying the royalty payments in 2014 and 2015, KAHI sent Plaintiff a notification of breach of contract and explicitly stated that it is not a party to any default judgment. (Doc. 21) at 19-20. KAHI has since reiterated to Plaintiff's counsel that it is not the judgment debtor subject to the Writ of Garnishment. *Id.* at 24.

B. *The Motion for Summary Judgment*

KAHI moves for summary judgment in its favor and a determination that, as a non-judgment debtor, it is entitled to the interpleaded funds as the sole beneficiary of the royalty agreement.[4] Plaintiff responds that it "stands ready to make payments to whichever party the Court determines is entitled to them." (Doc. 27) at 1. Oldcastle, on the other hand, opposes the Motion for Summary Judgment and argues, in the alterative, that "the case is not ripe for summary judgment and ongoing discovery is necessary." (Doc. 24) at 5.

---

[2] Waycor Materials, Inc., Plaintiff's predecessor in interest, was responsible for paying the royalties at that time. *See* (Doc. 21) at 4.

[3] At that time, Vulcan Materials, the successor in interest to Plaintiff, had the responsibility for paying the royalties under the agreement. *See* (Doc. 9) at 10.

[4] KAHI also argues that Plaintiff is not entitled to attorney's fees and costs. The Court, however, has already granted Plaintiff's request for an award of reasonable attorney's fees and costs, and has allowed Plaintiff to file a motion for fees and costs after the Court decides this Motion for Summary Judgment. (Doc. 55).

*C.  Oldcastle's Request for Discovery*

The Court construes Oldcastle's request for discovery under Fed. R. Civ. P. 56(d).  Rule 56(d) states that if a party shows by affidavit that it cannot present facts essential to justify its opposition to a motion for summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  To obtain relief under Rule 56(d), the party seeking additional time to conduct discovery must "present an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts.'"  *FDIC v. Arciero,* 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco,* 446 F.3d 1036, 1042 (10th Cir. 2006)).  Here, Oldcastle has failed to provide the required Rule 56(d) affidavit.  The Court, therefore, must deny Oldcastle's request for additional discovery before deciding this Motion for Summary Judgment.

*D.  The Merits of the Motion for Summary Judgment*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).[5]  When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  *Applied Genetics Intl., Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.  *Kaul v.*

---

[5]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

*Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted).

In viewing the evidence in the light most favorable to Oldcastle, the Court finds several genuine issues of material fact relating to whether KAHI and Kraft LP are, in fact, a single entity.  First, while Diaz states in a conclusory manner, and without support in the record, that KAHI and Kraft LP have different addresses, the record actually shows that at times KAHI and Kraft LP shared the same address.  *See Martinez v. U.S. Dep't of Energy*, 170 F. App'x 517, 522 (10th Cir. 2006) ("conclusory and self-serving affidavit, without other supporting evidence, is insufficient" for summary judgment purposes).  Second, the parties do not dispute that KAHI and Kraft LP were incorporated at the same time, in the same state, and have the same designated agent, facts which a reasonable jury could rely on to find that KAHI and Kraft LP are, indeed, a single entity.  Third, the names of KAHI and Kraft LP are similar, another fact which a reasonable jury could rely on to find that KAHI and Kraft LP are a single entity.  Fourth, Diaz provides only a conclusory statement, again without support in the record, that KAHI and Kraft LP have separate EINs.  Although KAHI offers to provide the Court with its EIN for *in camera* review, that offer, without more, is insufficient to demonstrate that Kraft LP's EIN is actually different than KAHI's EIN.  KAHI's EIN would be helpful if the Court also had Kraft LP's EIN with which to compare.  Fifth, Diaz's unsupported and conclusory statement that KAHI, not Kraft LP, has been receiving the royalty payments is contradicted by the undisputed fact that Plaintiff has paid royalty payments to "Kraft Americas."  A reasonable jury could infer from that fact that both KAHI and Kraft LP received royalty payments.  At the very least, it is unclear who was receiving the royalty payments.  Finally, the Court cannot accept Diaz's conclusory and self-serving statement, made without support in the record, that KAHI and Kraft LP do not share a common ownership.  KAHI has not demonstrated that there are no genuine issues of material

fact and that it is, thus, entitled to summary judgment as a matter of law.  Accordingly, summary judgment is inappropriate at this time.

IT IS ORDERED that Defendant, Kraft Americas Holdings, Incorporated's, Motion for Summary Judgment (Doc. 21) is denied.

_____
UNITED STATES DISTRICT JUDGE