IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

       Plaintiff,

vs.                                                            Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.;
KRAFT AMERICAS, L.P., a limited
partnership; JOHN DOES 1-5; and
KRAFT AMERICAS HOLDINGS,
INCORPORATED,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter comes before the Court upon Plaintiff CalMat Co.'s Motion for Attorneys'

Fees, Costs, and Expenses (Motion for Fees and Costs), filed on October 31, 2016.  (Doc. 61).

Defendant Kraft Americas Holdings, Inc. (KAHI) filed objections on November 14, 2016, in

which KAHI opposes the reasonableness of the amount of attorneys' fees sought by Plaintiff

CalMat Co. (CalMat) and requests that the Court reconsider its decision to pay CalMat's

attorneys' fees and costs from the interpleaded fund.  (Doc. 62).  CalMat filed a reply on

December 8, 2016.  (Doc. 71).  Having reviewed the Motion for Fees and Costs, and the

accompanying briefing, the Court (1) denies the Motion for Fees and Costs without prejudice to

CalMat filing an amended Motion for Fees and Costs within fourteen days of the entry of this

Memorandum Opinion and Order; and (2) denies KAHI's request for reconsideration without

prejudice to it filing a motion for reconsideration within fourteen days of the entry of this

Memorandum Opinion and Order.

*A. Background*

On October 5, 2016, the Court granted CalMat's request for an award of reasonable attorneys' fees and costs incurred in bringing this interpleader lawsuit, and determined that those fees and costs would be paid from the interpleaded funds.  (Doc. 55) at 12.  Because CalMat had not filed any documentation from which the Court could determine the amount of reasonable attorneys' fees and costs, the Court ordered CalMat to file a motion for attorneys' fees and costs, and required CalMat to submit "a supporting brief, affidavits, and time records to support such an award…." *Id.* at 11.  In addition, the Court ordered that the motion for attorneys' fees and costs include any argument concerning possible reimbursement of the attorneys' fees and costs to the interpleaded funds.  *Id.* at 12.  Finally, the Court ordered the parties to "brief the motion for attorney's fees and costs pursuant to the Local Rules and Federal Rules of Civil Procedure." *Id.* at 13.

When CalMat filed its Motion for Attorneys' Fees and Costs, it submitted an affidavit by attorney Douglas R. Vadnais to support the motion.  Vadnais attests that his hourly rate of $395.00 and the hourly rate of his co-counsel, Cristina Mulcahy, of $205.00 "are consistent with the customary rates charged by attorneys of the same experience and practice in New Mexico for the type of work involved in this matter."  (Doc. 61-1) at ¶¶ 6 and 9.  Vadnais did not, however, submit any affidavits to collaborate his assessment of those hourly rates.  Vadnais also attests that, with respect to the interpleader case, he billed 56.1 hours of work while Mulcahy billed 50.00 hours of work.  *Id.* at ¶ 14.  Notably, CalMat did not attach the attorneys' time records.  Applying the lodestar calculation, Vadnais concluded that CalMat incurred $32,409.50 in attorneys' fees in the interpleader case.  *Id.*  Finally, Vadnais provided evidence that counsel

spent $40.00 related to searches for service of process, $400.00 to file the interpleader case, and $298.75 to serve process. *Id.* at ¶ 16; (Doc. 61-2).

## B.  The Lodstar Calculation

As an initial matter, CalMat suggests in its Motion for Fees and Costs that it is entitled to attorneys' fees and costs for both the underlying garnishment lawsuit, 15mc33 WJ, and this interpleader lawsuit.[1]  As described above, the Court determined that CalMat is entitled to attorneys' fees and costs for bringing the interpleader lawsuit.  Accordingly, the Court will only award attorneys' fees and costs related to the interpleader lawsuit.

### 1.  Reasonable Rates

The party requesting attorney's fees bears the burden of showing that the requested rates are consistent with the prevailing rates in the community.  *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) ("party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" (citation omitted)).  To carry that burden, the movant must show by "satisfactory evidence — in addition to the attorney's own affidavits — that the requested" hourly rates are the prevailing market rates. *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).  Here, CalMat provided only its own attorney's affidavit to show the prevailing market rates.  That affidavit alone is not satisfactory evidence of the prevailing market rates.

### 2.  Reasonable Hours

Local Rule 54.5(a) provides that a movant for an award of attorney's fees "must submit" time records.  Local Rule 54.5(b) states that attorneys must also keep concurrent time records

---

[1] The Court stayed the garnishment lawsuit on January 27, 2016, pending resolution of this interpleader lawsuit, which was filed on January 12, 2016.  (Doc. 8), filed in 15mc33 WJ.

3

"where there is a potential for an award of attorney fees."  Despite Local Rule 54.5 and the Court's Memorandum Opinion and Order requiring that CalMat provide time records and comply with the Local Rules, CalMat did not submit time records with its Motion for Fees and Costs.  CalMat argues that it did not provide time records due to its concern that those records contain information subject to the attorney-client privilege and that disclosing the time records would waive the attorney-client privilege.[2]

The movant bears "the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."  *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).  The Court also has an obligation to "carefully scrutinize the total number of hours reported to arrive at the number of hours that can reasonably be charged to the losing party, much as a senior partner in a private firm would review the reports of subordinate attorneys when billing clients whose fee arrangement requires a detailed report of hours expended and work done."  *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).  Despite the movant's burden and the Court's obligation, the Court recognizes that attorney's billings and invoices can contain information protected by the attorney-client privilege.  However, most courts "hold that an attorney's billings and invoices are protected by the attorney-client privilege only to the extent they contain confidential information."  *Nat'l Sur. Corp. v. Dustex Corp.*, 2014

---

[2] CalMatt, nonetheless, offered to provide unredacted time records to KAHI and to agree not to object if KAHI sought to file a surreply to the Motion for Fees and Costs based on those time records.  (Doc. 71) at 3.  CalMat conditioned that offer on KAHI agreeing that the disclosure of the unredacted time records would not amount to a waiver of CalMat's attorney-client privilege. *Id.*  KAHI rejected CalMat's offer.  *Id.*

4

WL 46541, at *4 (N.D. Iowa) (citations omitted).  Consequently, rather than relying on a blanket claim of attorney-client privilege, the movant should redact only those portions of the time records which contain confidential information.  *Id.* (concluding party resisting disclosure of time records "may not rely on a blanket claim of privilege in refusing to produce" those records and may redact specific entries which contain confidential information).  The Court, therefore, rejects CalMat's blanket claim of attorney-client privilege as a reason for not producing the time records.  CalMat should, instead, produce time records with the confidential information redacted.[3]  Of course, "entries that describe only generally the work performed will not be considered 'confidential information.'"  *Id.*

For the foregoing reasons, the Court concludes that it does not have sufficient evidence from which to determine either the reasonableness of the requested hourly rates or the reasonableness of the hours expended in bringing this interpleader action.  Rather than simply denying CalMat's Motion for Fees and Costs, the Court will deny the Motion for Fees and Costs without prejudice to CalMat filing an amended motion with sufficient affidavits and properly redacted time records to support its request for an award of reasonable attorneys' fees.

C.  *KAHI's Request for Reconsideration*

KAHI contends in its response that Defendant Old Castle Precast, Inc. should pay CalMat's attorneys' fees and costs, and that the Court should, therefore, reconsider its decision that those fees and costs be paid from the interpleaded fund.  KAHI does not specify what standard for reconsideration the Court should apply nor does KAHI provide convincing legal support for its position.  Moreover, as CalMat points out, the better procedural vehicle for KAHI's request for reconsideration is a separate motion for reconsideration with full briefing on

---

[3] Depending on the redactions, the Court may later require a privilege log.

the issue.  The Court will, therefore, deny KAHI's request for reconsideration without prejudice to it filing a motion for reconsideration.

IT IS ORDERED that

1.  Plaintiff CalMat Co.'s Motion for Attorneys' Fees, Costs, and Expenses (Doc. 61) is denied without prejudice to CalMat filing an amended Motion for Fees and Costs consistent with the rulings in this Memorandum Opinion and Order;

2.  KAHI's request for reconsideration is denied without prejudice to it filing a motion for reconsideration;

3.  the above motions must be filed within fourteen days of the entry of this Memorandum Opinion and Order; and

4.  responses and replies to those motions must be filed as provided by the Local Rules and the Federal Rules of Civil Procedures.

UNITED STATES DISTRICT JUDGE