IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

v.                                                          CV 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,
KRAFT AMERICAS, L.P., a limited
Partnership, RUNE KRAFT,
KRAFT AMERICAS HOLDINGS, INC.,
and JOHN DOES 1-5,

    Defendants.

**ORDER DENYING MOTION FOR ACCESS TO PROPERTY**

    Kraft America Holdings, Inc. ("KAHI") filed an opposed motion for access to the royalty funds at issue in this case in order to pay for counsel. (Doc. 65.) In support of its motion, KAHI cites *Luis v. United States*, 578 U.S. ---, 136 S. Ct. 1083 (2016), for the proposition that it is unconstitutional to enforce the pre-trial restraint of assets untainted by criminal activity that are needed to retain a defendant's counsel of choice. (*Id.*) KAHI also argues that it would be fundamentally unfair not to grant it access to the funds presently being deposited into the Court's registry, and that Local Rule 83.7—requiring parties other than natural persons to be represented by counsel—puts it in an untenable situation. (*Id.*; Doc. 76.) Oldcastle Precast, Inc. ("Oldcastle"), opposes the motion and generally contests KAHI's claim to the funds, which is the entire basis of this case. (Doc. 74.) Oldcastle notes that *Luis* dealt with a criminal defendant's Sixth Amendment right to counsel and is otherwise distinguishable. Having reviewed the briefing, the record, and being otherwise fully informed on these matters, I deny KAHI's motion.

KAHI requests access to the funds deposited into the Court's registry by CalMat Co. KAHI asserts that it was previously receiving these royalty payments and that the payments are its only source of income. The issue in this case is whether KAHI is entitled to those payments. Accordingly, granting KAHI access to the money before resolving the ownership issue would be tantamount to resolving the case. Furthermore, if it turns out that Oldcastle, and not KAHI, is entitled to the money, KAHI admits that it would have no way to repay the funds.

The sole case KAHI cites in support of its argument is *Luis*. KAHI contends that *Luis* protects defendants' right to counsel of their choice in all cases. This is incorrect. *Luis* speaks directly to a criminal defendant's ability to pay for counsel of his or her choosing, when that defendant would otherwise be represented by a public defender. *See generally* 136 S. Ct. at 1088-89. Indeed, the "question presented [in *Luis*] is '[w]hether the pretrial restraint of a criminal defendant's legitimate, untainted assets (those not traceable to a criminal offense) needed to retain counsel of choice violates the Fifth and Sixth Amendments.'" *Id.* at 1088 (alteration in original). This is easily juxtaposed with the fact that there is no Sixth Amendment right to counsel in a civil proceeding. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). I find that *Luis* is inapposite to this case.

Because KAHI has presented no compelling argument for the release of contested funds to pay for KAHI's representation, I find no reason to grant such a release that is tantamount to a dispositive resolution of the case. KAHI's motion is denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.