IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

v.                                                                          CV 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,
KRAFT AMERICAS, L.P., a limited
partnership, RUNE KRAFT,
KRAFT AMERICAS HOLDINGS, INC.,
and JOHN DOES 1-5,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter comes before the Court on:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 85);

2) Rune Kraft's "Notice to the Court About Document 12" (Doc. 93);

3) Rune Kraft's "Judicial Notice – Perjury and Subornation of Perjury is Conduct Subject to Imprisonment, Not an Award of Attorneys' Fees" (Doc. 94);

4) CalMat Co.'s Motion to Strike Documents 93 and 94 (Doc. 111);

5) Rune Kraft as Amici Curiae's "Response to Plaintiff CalMat Co.s [sic] Motion to Strike Notice to the Court About Document 12 and Judicial Notice – Perjury and Subornation of Perjury is Conduct Subject to Imprisonment, Not an Award of Attorneys' Fees" (Doc. 115);

6) CalMat Co.'s Reply (Doc. 117);

7) Rune Kraft's "Notice of Appearance" on behalf of Kraft Americas Holdings, Inc. ("KAHI") (Doc. 119);

8) Rune Kraft's "Motion to Suspend the Court's Rules" on behalf of KAHI (Doc. 120);

9) Rune Kraft's "Motion to Deny CalMat Co.'s Request for Attorneys' Fees as Perjury and Subornation of Perjury is Conduct Subject to Imprisonment, Not an Award of Attorneys' Fees" on behalf of KAHI (Doc. 121);

10) Rune Kraft's "Judicial Notice – The Court's Records Do Not Reflect Kraft Americas Holdings, Inc.'s Legal Position" on behalf of KAHI (Doc. 122);

11) Rune Kraft's "Judicial Notice – CalMat Co., Waycor Materials' Alleged Successor is in Serious Breach of Contract and is Continuing to Act in Defiance of the Contract" on behalf of KAHI (Doc. 123);

12) Rune Kraft's "Motion to Enforce Specific Performance and Set Aside All Orders that Interfere with KAHI's Contractual Rights" on behalf of KAHI (Doc. 124); and

13) Rune Kraft's "Motion to Dismiss Based on Fed.R.Civ.P. 12(b)(1) and/or Fed.R.Civ.P. 12(h)(3)" on behalf of KAHI (Doc. 125).

As explained herein, the Court adopts the PFRD as its own Order; enters adverse judgment against Kraft Americas, L.P., and dismisses Kraft Americas, L.P., from this case; grants CalMat's motion to strike; strikes documents 93-94, 115, and 119-125; and issues one final warning to Rune Kraft that continued filings on behalf of KAHI or any other entity will result in sanctions, up to and including monetary sanctions, contempt proceedings, and referral to the State Bar of New Mexico for the unauthorized practice of law.

In reviewing a PFRD, the Court must make de novo determination of those portions of the PFRD to which any party made proper objections. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The parties were cautioned that failure to timely object would result in a waiver of appellate review. No party objected to the PFRD. Accordingly, the PFRD (Doc. 85) is adopted as an Order of this Court. To the extent that Document 12 constitutes an answer on behalf of Defendant Kraft Americas, L.P., the Court strikes that document. Kraft Americas, L.P., is hereby adjudged to have no interest or claim to the royalty payments at issue in this case and adverse judgment is entered against Kraft Americas, L.P. Kraft Americas, L.P., is dismissed from this case.

CalMat filed a motion to strike Documents 93 and 94, which were filed by Rune Kraft. (Doc. 111.) In Document 93, Rune Kraft attempted to clarify the position of Kraft Americas, L.P., and who filed Document 12. In Document 94, Rune Kraft argues that CalMat and its attorneys have committed perjury and subornation of perjury. CalMat moves to strike both filings because, among other reasons, Rune Kraft is not a party to this case and has no standing to file papers.

Rune Kraft, proceeding pro se, filed a motion to dismiss the interpleader complaint against him on April 19, 2016. (Doc. 16.) The Court granted in part that motion and dismissed Rune Kraft from this case on October 5, 2016. (Docs. 56, 57.) Upon his dismissal from the case, on his own motion, Rune Kraft is no longer a party to this matter. Rune Kraft is not a defendant in this matter, does not purport to be a plaintiff, and would not have standing to proceed as a plaintiff, *see Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (To have standing, the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992))), and therefore has no basis for further participation in this case. Rune Kraft's filings up to this point have been considered but do not alter the landscape of this matter. As such, CalMat's motion to strike documents 93 and 94 is granted.

Next, Rune Kraft filed "Response to Plaintiff CalMat Co.s [sic] Motion to Strike Notice to the Court About Document 12 and Judicial Notice – Perjury and Subornation of Perjury is Conduct Subject to Imprisonment, Not an Award of Attorneys' Fees," purporting to be amici curiae of the Court. (Doc. 115.) The Federal Rules of Civil Procedure do not explicitly provide for amicus briefs in district court. However, it is within the court's discretion to allow an amicus

brief. *See, e.g.*, *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) ("Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." (citing cases)). Rune Kraft did not move for leave to file an amicus brief. Had he done so, leave would have been denied. Because Rune Kraft is not a party to this matter and did not have leave to file the purported amicus brief, Document 115 is likewise struck.

Rune Kraft, who does not allege that he is an attorney, then attempted to file a notice of appearance on behalf of KAHI. (Doc. 119.) Counsel for KAHI was permitted to withdraw on March 2, 2017. (Doc. 114.) KAHI was expressly warned that it must be represented by counsel pursuant to Local Rule 83.7. (*Id.*) Further, Judge Lynch warned KAHI that "[a]bsent entry of appearance by a new attorney, any filing by KAHI may be stricken and default judgment or other sanctions imposed." (*Id.* at 2.)

The Court previously warned Rune Kraft that, under Local Rule 83.7, he could not legally represent an entity. (Doc. 56); *see also* 28 U.S.C. § 1654 ("non-attorney pro se litigants cannot represent other pro se parties"). Rune Kraft is again reminded that, as a non-attorney, he cannot represent any entity. Should he persist in this course of action and continue attempting to represent KAHI or any other entity, Rune Kraft will become subject to sanctions, including monetary sanctions, contempt proceedings, and referral to the State Bar of New Mexico for the unauthorized practice of law.

Because KAHI was warned that filings made by anyone other than an attorney, and because Rune Kraft is not an attorney, all filings made by Rune Kraft on behalf of KAHI are hereby stricken.

IT IS THEREFORE ORDERED THAT:

1. The PFRD (Doc. 85) is adopted as an Order of the Court, as described herein;

2. Adverse judgment is entered against Kraft Americas, L.P.;

3. Kraft Americas, L.P., is dismissed;

4. CalMat's motion to strike (Doc. 111) is granted and Docs. 93 and 94 are hereby stricken;

5. Rune Kraft is warned that further attempts to file documents on behalf of KAHI will result in sanctions; and

6. Docs. 115, 119, 120, 121, 122, 123, 124, and 125 are hereby stricken, pursuant to Doc. 114 and the prohibition of non-lawyers practicing law.

_____
UNITED STATES DISTRICT JUDGE