IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                               Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,
KRAFT AMERICAS, L.P., a Limited
Partnership, RUNE DRAFT,
KRAFT AMERICAS HOLDINGS, INC., and
JOHN DOES 1-5,

    Defendants.

## ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

This matter comes before the Court upon the Motion for Stay Pending Appeal (Doc. 128) filed by Rune Kraft on behalf of Kraft Americas Holdings, Inc. (KAHI) on April 3, 2017; the Motion for Judgment Against KAHI as Sanction for Willful Violation of Court Rules and Orders (Doc. 130) filed by Defendant Oldcastle Precast, Inc. (Oldcastle) on April 11, 2017; and upon a telephonic status conference held on April 12, 2017. Present at the telephonic status conference were Rune Kraft,[1] Jesse Hatch representing Oldcastle, and Douglas Vadnais and Cristina Mulcahy representing Plaintiff CalMat, Co.[2]

On March 2, 2017, Magistrate Judge Lynch entered an order allowing counsel for KAHI to withdraw and ordered that KAHI obtain counsel within 20 days. (Doc. 114). Judge Lynch further stated that: "Absent entry of appearance by a new attorney, any filing by KAHI may be stricken and default judgment or other sanctions imposed." *Id.* at 2. On March 20, 2017, Rune

---

[1] On October 5, 2016, the Court dismissed the claims against Rune Kraft with prejudice. (Docs. 56 and 57).

[2] On October 5, 2016, the Court excused Plaintiff CalMat, Co. from further participation as a litigant except to make the recurring royalty payments into the Court registry. (Doc. 55).

Kraft (now no longer a party to the case and not an attorney) attempted to file a notice of appearance on behalf of KAHI. (Doc. 119).

On March 28, 2017, the Court entered an Order adopting Judge Lynch's January 17, 2017, Proposed Findings and Recommended Disposition (Doc. 85), which recommended entering an adverse judgment against Defendant Kraft Americas, L.P. (Kraft L.P.) for its failure to obtain counsel, dismissing Kraft L.P., and striking pleadings by Rune Kraft made on behalf of KAHI. (Doc. 126). The Court noted in the Order that it previously warned Rune Kraft that he could not legally represent a party. *Id.* at 4. *See* Memorandum Opinion and Order (Doc. 56) at 1; 28 U.S.C. § 1654 ("parties may conduct their **own** cases personally or by counsel…." (emphasis added). In addition, the Court stated:

> Rune Kraft is again reminded that, as a non-attorney, he cannot represent any entity. Should he persist in this course of action and continue attempting to represent KAHI or any other entity, Rune Kraft will become subject to sanctions, including **monetary sanctions, contempt proceedings, and referral to the State Bar of New Mexico for the unauthorized practice of law**.
>
> Because KAHI was warned that filings made by anyone other than an attorney, and because Rune Kraft is not an attorney, all filings made by Rune Kraft on behalf of KAHI are hereby stricken.

(Doc. 126) at 4 (emphasis added).

Notwithstanding this Order, Rune Kraft filed a Motion for Stay Pending Appeal on April 3, 2017, on behalf of KAHI. (Doc. 128). To date, no counsel has entered an appearance on behalf of KAHI as ordered by Judge Lynch on March 2, 2017.

Then, on April 11, 2017, Oldcastle filed a Motion for Judgment Against KAHI as Sanction for Willful Violation of Court Rules and Orders. (Doc. 130). Oldcastle moves for an entry of judgment against KAHI decreeing that KAHI has no valid claim or interest to the interpleaded funds which are the subject of this lawsuit. As grounds for its motion, Oldcastle

states that KAHI has failed to obtain counsel as ordered by Judge Lynch and required by D.N.M. Local Rule 83.7. Local Rule 83.7 mandates that "[a]corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court."

Having considered the Motion for Stay Pending Appeal, the Motion for Judgment Against KAHI as Sanction for Willful Violation of Court Rules and Orders, and the arguments and comments by counsel and Rune Kraft at the April 12, 2017, telephonic status conference, the Court finds as follows. First, despite the Court's Memorandum Opinion and Order (Doc. 56), and its Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 126), which both warned Rune Kraft that he cannot represent business entities, Rune Kraft filed the Motion for Stay Pending Appeal on behalf of KAHI. Second, the Court has repeatedly warned KAHI that failure to retain counsel and have counsel enter an appearance on its behalf would result in a default judgment and possibly other sanctions. *See* (Docs. 89, 114, and 126). Nonetheless, KAHI has not retained counsel in willful disregard of the Court's Orders.

For the foregoing reasons, the Court ORDERS that

1. the Motion for Stay Pending Appeal (Doc. 128) is stricken for being filed by a non-attorney on behalf of a business entity in violation of the Court's Orders and Local Rule 83.7;

2. in light of KAHI's failure to heed the Court's previous warnings regarding the need to obtain counsel, KAHI is hereby adjudged to have no interest or claim to the royalty payments at issue in this case and adverse judgment is entered against KAHI;

3. KAHI is dismissed from this case;

4. because an adverse judgment is entered against KAHI for failing to obtain counsel as ordered by the Court and required by Local Rule 83.7, the Motion for Judgment Against KAHI as Sanction for Willful Violation of Court Rules and Orders (Doc. 130) is denied as moot;

5. because KAHI is dismissed, any outstanding filings by KAHI, such as (Doc. 109), are moot and the parties need not respond to them;

6. the Court orders that Rune Kraft appear in person at the United States Courthouse, 100 N. Church St., 4th floor Mimbres Courtroom, in Las Cruces, New Mexico , on June 29, 2017, at 9:00 a.m. to show cause why he should not be sanctioned, by monetary sanctions, a finding of contempt, and/or a referral to the State Bar of New Mexico for the unauthorized practice of law, for continuing to file pleadings as a non-lawyer on behalf of his business entities;

7. Rune Kraft's failure to appear for the in-person show cause hearing may result in additional sanctions for disobeying a Court order; and

8. the attorneys of record are not required to attend the show cause hearing.

_____
UNITED STATES DISTRICT JUDGE