IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                               Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Rune Kraft's Motion to Add Rune Kraft as Defendant (Motion), filed April 14, 2017. (Doc. 135). On April 4, 2017, the Board of Directors of Kraft Americas Holdings, Inc. (KAHI) resolved to give Rune Kraft "a full interest in all funds deposited with the Court in" this interpleader lawsuit. (Doc. 135) at 6. That being the case, Rune Kraft now moves the Court to add him as Defendant. The Court construes the Motion as a Fed. R. Civ. P. 25(c) motion for joinder. Having considered the Motion and the relevant law, the Court denies the Motion.

Rule 25(c) provides, in pertinent part: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Rule 25(c) does not require any action once a party transfers its interest. 7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1958 at 696 (2007). "The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named." *Id.* Moreover, entering an order of joinder under Rule 25(c) "is merely a discretionary determination by the trial court that the transferee's presence would facilitate the

conduct of the litigation." 7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1958 at 696-98. *See also Prop–Jets, Inc. v. Chandler,* 575 F.2d 1322, 1324 (10th Cir.1978) (decision to join party under Rule 25(c) "is generally within the sound discretion of the trial court.").

For the following reasons, the Court, in its discretion, denies Rune Kraft's request to be joined as a defendant under Rule 25(c). First, considering Rune Kraft's continuing failure to follow the Court's rules and orders, Rune Kraft's participation in this case would only "be highly disruptive of the orderly administration of the litigation." *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984) (finding no abuse of discretion when "district court refused substitution [under Rule 25(c)] because Patterson's participation had been and would continue to be highly disruptive of the orderly administration of the litigation."). Second, because KAHI has been dismissed from the case, joining Rune Kraft as a defendant does not change that fact and would, therefore, be superfluous. *See Med. Supply Chain, Inc. v. Neoforma, Inc.*, 2008 WL 11333741, at *1 (D. Kan.), *aff'd,* 322 F. App'x 630 (10th Cir. 2009) (declining to exercise discretion to substitute party under Rule 25(c) "because this case has been dismissed, and substitution will not change that outcome."). Finally, KAHI cannot transfer its interest in the interpleaded funds to Rune Kraft to "circumvent the rule" that a corporation cannot "litigate claims in this court without the services of an attorney." *Finast Metal Prod., Inc. v. United States*, 12 Cl. Ct. 759, 762 (1987) (citing *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385–86 (11th Cir.1985), *cert. denied,* 474 U.S. 1058 (1986); *Jones v. Niagara Frontier Transportation Authority,* 722 F.2d 20, 23 (2d Cir. 1983)). This is precisely Rune Kraft's intent in filing this Motion.

IT IS ORDERED that the Motion to Add Rune Kraft as Defendant (Doc. 135) is denied.

_____
UNITED STATES DISTRICT JUDGE