IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                             Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Rune Kraft's Motion to Set Aside Order to Show Cause (Motion), filed May 1, 2017. (Doc. 143). On April 12, 2017, the Court entered an Order to Show Cause requiring Rune Kraft to appear in person, at the Las Cruces, New Mexico, Federal Courthouse, on June 29, 2017, "to show cause why he should not be sanctioned, by monetary sanctions, a finding of contempt, and/or a referral to the State Bar of New Mexico for the unauthorized practice of law, [and] for continuing to file pleadings as a non-lawyer on behalf of his business entities…." (Doc. 132) at 4. Rune Kraft now moves to set aside the Order to Show Cause. Having considered the Motion and relevant law, the Court denies the Motion.

As an initial matter, the Court will not consider the sections in the Motion in which Kraft Americas Holdings, Inc. (KAHI) purportedly "wish[es] to plead and conduct this Case" on the basis of constitutional rights and statutory authority. (Doc. 143) at 4-6. As the Court has repeatedly stated, Rune Kraft, as a non-attorney, cannot legally represent KAHI and file pleadings on its behalf. *See* (Docs. 14, 56, 89, 114, 126, and 132). *See also* D.N.M. LR-Cv 83.7 (corporation "must be represented by an attorney authorized to practice before this Court."); D.N.M. LR-Cv 83.8(c) (corporation "can only appear with an attorney" and, absent entry of

appearance by an attorney, filings by a corporation "may be stricken and default judgment or other sanctions imposed"). In addition, the Court will not consider references to Rune Kraft's previous motions (Docs. 120 and 128) which the Court has stricken. *See* (Docs. 126 and 132).

Rune Kraft first argues that the Court should set aside the Order to Show Cause because, as a KAHI corporate officer, he is authorized to act on behalf of KAHI. The Tenth Circuit, however, has explicitly rejected such an argument. In *Harrison v. Wahatoyas, L.L.C.*, the Court held that "[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." 253 F.3d 552, 556–57 (10th Cir. 2001). This first argument, thus, has no merit.

Second, Rune Kraft argues this court should waive the Local Rules requiring that corporations be represented by legal counsel. Rune Kraft cites D.N.M. LR-Cv 1.7, which states that the Local Rules "may be waived by a Judge to avoid injustice." Rune Kraft does not explain how requiring KAHI to obtain legal counsel is somehow unjust. To the contrary, because all business entities are required to obtain legal counsel in order to participate in litigation, it would be unjust to those entities to allow KAHI to avoid that requirement. The Court rejects Rune Kraft's waiver argument.

Third, Rune Kraft argues that he is not practicing law because he has no clients. Rune Kraft fails to understand that in the context of the practice of law, a "client" can be a corporation, like KAHI, "who consults with, seeks advice from, or retains the professional services of a lawyer or a lawyer's representative…." N.M. R. Evid. 11-503(A)(1). Here, KAHI certainly is consulting with and seeking advice from Rune Kraft as well as retaining professional legal services from Rune Kraft, such as the preparation and filing of legal documents. Under these circumstances, KAHI is Rune Kraft's "client." Hence, this third argument lacks merit.

Lastly, Rune Kraft mentions Fed. R. Civ. P. 54(b), which allows the Court to revise its orders.[1] A Rule 54(b) motion is "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991). In analyzing Rule 54(b) motions, the Tenth Circuit looks to Fed. R. Civ. P. 59(e) for guidance. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e).").

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 262-63 (D. Kan. 2006) (stating that movant must establish reasons for granting Rule 59(e) motion). Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "direct, obvious, and observable error" that is indisputable. *Estate of McDermed by & through McDermed v. Ford Motor Co.*, 2017 WL 1492931, at *3 (D. Kan.) (citations omitted).

---

[1] Rule 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Rune Kraft does not argue that there is either new controlling law or new evidence which would require the Court to reconsider its Order to Show Cause. Rather, he seems to contend that the Court should modify its Order to Show Cause to provide an "alternate way" to conduct the show cause hearing. Rune Kraft states that he

> has no reasons [sic] to be in the United States on June 29, 2017 and would have to travel approximately 8,300 miles to appear at a hearing in Las Cruces. In additional [sic] to the unreasonable burden of time and expense to make such a trip he furthermore has personal and business obligations that make such a trip impossible.

(Doc. 143) at 10.

The Court notes first that, although Rune Kraft is no longer a defendant, he continues to insert himself into this litigation by filing motions and other documents on his own behalf and on behalf of KAHI. Rune Kraft's voluntary involvement in the litigation means that he must be willing to appear at the place where the litigation takes place, i.e., Las Cruces. The expenditure of money and time to appear for in-person hearings simply is the cost of litigation. Moreover, considering Rune Kraft *pro se* status and his conduct in this litigation, it is important for both the Court and Rune Kraft to have an opportunity to personally address the very serious issue of possible sanctions. This is exactly the kind of hearing in which a personal appearance is more than appropriate and necessary, especially in light of Rune Kraft's conduct. An in-person hearing also will provide the Court a better opportunity to assess Rune Kraft's credibility. Finally, Rune Kraft's vague reference to "personal and business obligations" simply does not provide a sufficient reason to change the show cause hearing from an in-person hearing to some other kind of hearing.[2] For the foregoing reasons, it is not "arbitrary, capricious, whimsical, or

---

[2] Rune Kraft may file a motion to continue the show cause hearing until a later, but not unreasonable, date to accommodate his schedule. However, until he does so and unless this Court finds good cause to grant the motion to continue, Rune Kraft's physical appearance at the show cause hearing is mandatory as the Court has ordered.

4

manifestly unreasonable" to order Rune Kraft to appear for an in-person show cause hearing nor is it an indisputable as well as "direct, obvious, and observable error" to require such an appearance.  Consequently, requiring Rune Kraft to personally appear at the show cause hearing is neither clear error nor manifestly unjust.  The Court, therefore, denies Rune Kraft's Rule 54(b) request to reconsider its decision to hold the show cause hearing in-person in Las Cruces.

IT IS ORDERED that Rune Kraft's Motion to Set Aside Order to Show Cause (Doc. 143) is denied.

_____
UNITED STATES DISTRICT JUDGE