IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                     Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,
and JOHN DOES 1-5,

    Defendants.

## ORDER STRIKING MOTIONS AND BRIEFS

This matter comes before the Court upon

- Rune Kraft's response (Doc. 153) to Defendant Oldcastle Precast, Inc.'s Motion for Summary Judgment (Doc. 148);

- Rune Kraft's motion to strike (Doc. 159) Defendant Oldcastle Precast, Inc.'s reply (Doc. 155) to its Motion for Summary Judgment and to strike Defendant Oldcastle Precast, Inc.'s notice of completion of briefing (Doc. 156) for the Motion for Summary Judgment;

- Rune Kraft's motion for leave to file a surreply (Doc. 160) to Defendant Oldcastle Precast, Inc.'s Motion for Summary Judgment;

- Rune Kraft's Motion to Dismiss (Doc. 154); and

- Rune Kraft's memorandum in support of his Motion to Dismiss (Doc. 165).

The Court notes that in October 2016 it granted, in part, Kraft Rune's motion to dismiss (Doc. 16) and dismissed Kraft Rune as a Defendant in this action, because he, as an individual, did not have a claim to the royalty agreement or royalty payments which are the subject of this interpleader action and the underlying garnishment lawsuit. (Doc. 56) at 2. In March 2017, the

Court held that Rune Kraft "has no basis for further participation in this case," since he is no longer a Defendant and does not purport to be a plaintiff. (Doc. 126) at 3. Then, on May 8, 2017, the Court denied Rune Kraft's motion to be joined as a Defendant in this lawsuit, a motion based on Kraft Americas Holdings, Incorporated (KAHI) transfer of its interest in the royalty payments to Rune Kraft in April 2017. (Doc. 146).

Based on the foregoing, Rune Kraft obviously is no longer a party to this lawsuit and so may not continue to participate in the litigation of the merits of this lawsuit. *See U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 114, 119 (D.D.C. 2003) ("general rule that nonparties may not participate in litigation"). *Cf. Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011) (generally "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"). Furthermore, even if Rune Kraft acquired an interest in the royalty payments from KAHI, the Court adjudged that KAHI "has no interest or claim to the royalty payments at issue in this case" and dismissed KAHI from the case. (Doc. 132) at 3. For these reasons and in order to manage its docket in an efficient and expedient manner, the Court will *sua sponte* strike the aforementioned briefs and motions. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (holding "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

IT IS, THEREFORE, ORDERED that the following are stricken:

1. Rune Kraft's response (Doc. 153);

2. Rune Kraft's motion to strike (Doc. 159);

3. Rune Kraft's motion for leave to file a surreply (Doc. 160);

4. Rune Kraft's Motion to Dismiss (Doc. 154); and

5. Rune Kraft's memorandum in support of his Motion to Dismiss (Doc. 165).

_____
UNITED STATES DISTRICT JUDGE