IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                Civ. No. 16-26 KG/WPL

OLDCASTLE PRECAST, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Rune Kraft's Notice to the Court, Motion for Clarification and Request that the June 29, 2017 Hearing be Cancelled or Continued (Motion), filed June 19, 2017. (Doc. 172). Rune Kraft brings a myriad of complaints in this Motion. The Court will address those complaints, in turn, as best as it can discern them.

**1. Whether the Court Should Reconsider Its Determination that Rune Kraft Cannot Legally Represent Kraft Americas Holdings, Inc. (KAHI) in this Lawsuit**

Rune Kraft appears first to ask the Court to reconsider its conclusion that Rune Kraft, as KAHI's corporate officer, cannot legally represent KAHI in this lawsuit. *See* (Doc. 147) at 2. Rune Kraft cites Fed. R. Civ. P. 59(e) in his Motion, so the Court construes the request to reconsider under that Rule.[1]

---

[1] Rune Kraft's requests to reconsider are properly brought under Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). In analyzing Rule 54(b) motions, the Tenth Circuit looks to Rule 59(e) for guidance. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e).")

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson,* 2015 WL 2412175, at *2 (E.D. Okla.). Rule 59(e) relief is appropriate where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.* The Court has discretion in deciding whether to grant or deny a motion to reconsider. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "direct, obvious, and observable error" that is indisputable. *Estate of McDermed by & through McDermed v. Ford Motor Co.*, 2017 WL 1492931, at *3 (D. Kan.) (citations omitted).

Rune Kraft has presented neither new law nor new evidence to support a reconsideration of the Court's determination that he cannot legally represent KAHI in this lawsuit. Moreover, it is neither clear error nor manifestly unjust to make that determination. As the Court previously noted, "In *Harrison v. Wahatoyas, L.L.C.*, the Court held that '[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.' 253 F.3d 552, 556–57 (10th Cir. 2001)." (Doc. 147) at 2. The Court will, therefore, not reconsider its determination that Rune Kraft cannot legally represent KAHI in this lawsuit.

**2. Whether Rune Kraft has Received Fair Notice that He May be Punished**

On April 12, 2017, the Court entered an Order to Show Cause (1) outlining the numerous times the Court advised Rune Kraft, a non-attorney, that he cannot legally represent KAHI in this lawsuit, and (2) noting the Court's prior warning that further such actions could result in sanctions, contempt proceedings, and referral to the New Mexico State Bar for the unauthorized practice of law. (Doc. 132). The Order to Show Cause also specified that Rune Kraft would have to show cause at the June 29, 2017, hearing "why he should not be sanctioned, by monetary sanctions, a finding of contempt, and/or a referral to the State Bar of New Mexico for the unauthorized practice of law, for continuing to file pleadings as a non-lawyer on behalf of his business entities." *Id.* at 4. This is sufficient notice of possible contempt sanctions for violating the Court's orders and rules against legally representing KAHI in this lawsuit despite not being a licensed attorney. *See Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 827(1994) (civil contempt sanctions may be imposed upon "notice and an opportunity to be heard.").

**3. Whether the Court Should Reconsider its Decision to Strike (Docs. 120 and 128)**

The Court struck Rune Kraft's Motion to Suspend the Court's Rules (Doc. 120) and Motion for Stay Pending Appeal (Doc. 128) because Rune Kraft, a non-attorney, filed those motions on behalf of KAHI in violation of the Court's orders and D.N.M. LR-Cv 83.7.[2] (Docs. 126 and 132). Again, Rune Kraft has not presented the Court with new law or new evidence to warrant a reconsideration of its decision to strike the Motion to Suspend the Court's Rules and the Motion for Stay Pending Appeal. Rune Kraft has also not convinced the Court that its decision was made in clear error or was manifestly unjust. As the Court observed in its Order

---

[2] Local Rule 83.7 mandates that "[a]corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court."

Adopting Magistrate Judge's Proposed Findings and Recommended Disposition and its Order of Dismissal and Order to Show Cause, Rune Kraft violated numerous orders by the Court not to legally represent KAHI in this case and violated Local Rule 83.7, which clearly requires that business entities be represented by an attorney to proceed in this Court. (Docs. 126 and 132). *See also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d at 556–57 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). The Court will, therefore, not reconsider its decision to strike the Motion to Suspend the Court's Rules and the Motion for Stay Pending Appeal (Docs. 120 and 128).

### 4. Whether the Court Should Reconsider its Decision to Hold the Order to Show Cause Hearing in Las Cruces

Rune Kraft argues that the Order to Show Cause hearing should not be held in Las Cruces because "no events related to the matter before the Court have taken place in Las Cruces." (Doc. 172) at 16. The Court sits in Las Cruces, therefore, the Court can hold hearings in Las Cruces. Moreover, as the Court explained before, Rune Kraft's insistence in participating in this lawsuit, even though he is no longer a party, "means that he must be willing to appear at the place where the litigation takes place, i.e., Las Cruces." (Doc. 147) at 4. Rune Kraft's disagreement with this explanation does not demonstrate that the Court's decision to hold the Order to Show Cause hearing in Las Cruces is either clear error or manifestly unjust. The Court will, thus, not reconsider its decision to hold the Order to Show Cause hearing in Las Cruces.

### 5. Whether the Court Needs to Assess Rune Kraft's Credibility at the Order to Show Cause Hearing

Next, Rune Kraft appears to argue against the Court's statement that an in-person Order to Show Cause hearing "will provide the Court a better opportunity assess Rune Kraft's

credibility." *Id.* In determining whether a person has provided good cause, it is important for the Court to see that person's demeanor in order to decide how credible the propounded good cause is. To the extent Rune Kraft contends that the Court should reconsider its decision to hold an in-person Order to Show Cause hearing on the basis that credibility is not an important aspect of such a hearing, the Court determines that its decision is neither clear error nor manifestly unjust. The Court will not reconsider its decision to hold an in-person Order to Show Cause hearing so that it can assess Rune Kraft's credibility.

### 6. Whether "Catastrophic Deficiencies" in the Underlying Garnishment Lawsuit and this Lawsuit Should Result in the Dismissal of these Lawsuits

Because the underlying garnishment case is assigned to another district court judge, Rune Kraft should address his concerns with that case to the assigned district court judge. As to Rune Kraft's complaints about this interpleader lawsuit, the Court notes, once again, that Rune Kraft is not a party to this lawsuit. Rune Kraft, in fact, moved to be dismissed from this lawsuit and the Court granted Rune Kraft's motion to be dismissed. (Docs. 56 and 57). Because Rune Kraft is not a party, the Court will not consider any of his arguments to dismiss this lawsuit. *See U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 114, 119 (D.D.C. 2003) ("general rule that nonparties may not participate in litigation"). *Cf. Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011) (generally "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment").

### 7. The Mailing of (Docs. 145, 146, and 147) to Rune Kraft

Rune Kraft complains that on May 8, 2017, the Court entered (Docs. 145, 146, and 147), i.e., orders (1) striking documents filed by Rune Kraft, (2) denying Rune Kraft's motion to add him as a defendant, and (3) denying Rune Kraft's motion to set aside the Order to Show Cause, but did not mail them to him until June 1, 2017. Rune Kraft does not specify exactly how the

mailing of those orders prejudiced him. In fact, Rune Kraft now seeks to continue the Order to Show Cause hearing as the Court allowed in the order denying the motion to set aside the Order to Show Cause (Doc. 147).

**8. Finally, Whether to Continue the Order to Show Cause Hearing**

As before, Rune Kraft states that he

> has no reasons [sic] to be in the United States on June 29, 2017 and would have to travel approximately 8,300 miles to appear at a hearing in Las Cruces. In additional [sic] to the unreasonable burden of time and expense to make such a trip he furthermore has personal and business obligations that make such a trip impossible.

(Doc. 172) at 20. The Court previously explained that "Rune Kraft's vague reference to 'personal and business obligations' simply does not provide a sufficient reason to change the show cause hearing from an in-person hearing to some other kind of hearing." (Doc. 147) at 4. That explanation still applies. Nonetheless, the Court will give Rune Kraft yet another opportunity to explain, in specific detail, what "personal and business obligations" would prevent him from appearing in-person for the Order to Show Cause hearing. Otherwise, until Rune Kraft provides more specificity and until, or unless, the Court rules to the contrary, Rune Kraft is expected to appear in-person at the Las Cruces courthouse, Mimbres courtroom, on June 29, 2017, at 9:00 a.m.

IT IS ORDERED that

1. Notice to the Court, Motion for Clarification and Request that the June 29, 2017 Hearing be Cancelled or Continued (Doc. 172) is denied; and

2. no later than 5:00 p.m. (Mountain Standard Time) on Friday, June 23, 2017, Rune Kraft may email (kjgproposedtext@nmcourt.fed.us) or fax ((575) 528-1645) to chambers a detailed explanation of what "personal and business obligations" would prevent him from

attending the in-person Order to Show Cause hearing set in Las Cruces on June 29, 2017, at 9:00 a.m.

_____
UNITED STATES DISTRICT JUDGE