IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                   Civ. No. 16-26 KG/JHR

OLDCASTLE PRECAST, INC.,
and JOHN DOES 1-5,

    Defendants.

## ORDER STRIKING AND DENYING MOTIONS, AND PROPOSING FILING RESTRICTIONS

This matter comes before the Court on "Defendant Oldcastle Precast, Inc.'s Motion to Strike Rune Kraft's Motions to Void All Rulings (Docs. 161 and 170), Strike his Motion Related to Document 146 (Doc. 171), Deny his Motions for Leave to File as Amicus Curiae (Docs. 163, 164, and 166) and Instruct the Clerk of the Court Not to Accept Further Pleadings from Rune Kraft" (Motion), filed June 21, 2017. (Doc. 174). The Court determines that this Motion is well-taken and grants the Motion as described below.

As a preliminary matter, the Court construes the Motion as Defendant Oldcastle Precast, Inc.'s (Oldcastle) response to various motions filed by Rune Kraft (Docs. 161, 170, 171, 163, 164, and 166). It appears, however, that Oldcastle did not serve the Motion on Rune Kraft. Because Rune Kraft has continued to file matters in his case after Oldcastle filed its Motion, the Court concludes that Rune Kraft has had access to the docket sheet, and has had an opportunity to see the Motion and to respond to it. Even if Rune Kraft is unaware of the Motion, the matters

Oldcastle raises in the Motion are matters which the Court would have addressed in deciding Rune Kraft's motions had Oldcastle simply not responded.[1]

A. *The Request to Strike Motions*

   *1. "Notice to the Court, the Chief Judge of the Court and the Chief Judge of the Tenth Circuit and Motion to Void All Rulings Issued in the Case" (Doc. 161)*

The Court notes that the "Notice to the Court, the Chief Judge of the Court and the Chief Judge of the Tenth Circuit and Motion to Void All Rulings Issued in the Case" was filed in error. Consequently, that filing is not a pending motion which the Court can strike.

   *2. "Motion Related to Document 146-the Order was not Served in a Timely Manner and is Wrong as a Matter of Law" (Doc. 171)*

The Court construes the "Motion Related to Document 146-the Order was not Served in a Timely Manner and is Wrong as a Matter of Law" as a motion to reconsider the Court's May 8, 2017, Memorandum Opinion and Order (Doc. 146). The Court will, therefore, address the merits of that motion rather than strike it.

In October 2016, the Court granted, in part, Rune Kraft's motion to dismiss (Doc. 16) and dismissed Rune Kraft as a defendant in this action. (Doc. 56). In March 2017, the Court held that Rune Kraft "has no basis for further participation in this case," since he is no longer a defendant and does not purport to be a plaintiff. (Doc. 126) at 3. Then, on May 8, 2017, the Court denied Rune Kraft's motion to be re-joined as a defendant in this lawsuit, a motion based on Kraft Americas Holdings, Incorporated's (KAHI) April 2017 transfer of its interest in the royalty payments at issue to Rune Kraft. (Doc. 146). In making that decision, the Court relied on Fed. R. Civ. P. 25(c) (joinder of party when interest transferred). Rune Kraft now challenges that May 8, 2017, decision.

---

[1] Although the Local Rules provide that a failure to respond to a motion constitutes consent to the motion, the Local Rules "may be waived by a Judge to avoid injustice." D.N.M. LR-Cv 1.7 and 7.1(b).

The Tenth Circuit has analyzed motions to reconsider interlocutory orders, like this one, under Fed. R. Civ. R. 54(b)[2] and looked to Fed. R. Civ. P. 59(e) for guidance in addressing those motions to reconsider. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that, in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)."). A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed.R.Civ.P. 59(e).").

Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or if there is a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.") (quoting In re Roemmele, 466 B.R. 706 (Bankr. E.D. Pa. 2012)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance

---

[2] Rule 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Here, Rune Kraft is not arguing that there is new controlling law or newly discovered evidence which would justify a reconsideration of the May 8, 2017, decision. Rune Kraft also does not explain how the Court's application and analysis of Rule 25(c) was arbitrary or "fundamentally unfair in light of governing law." Instead of addressing the applicability of Rule 25(c), Rune Kraft complains generally about corruption and lack of procedural due process, and the fact that the Court mailed the May 8, 2017, decision to him on June 1, 2017. Rune Kraft also raises for the first time arguments of standing which he could have raised in his motion seeking to be re-joined as a defendant. For the foregoing reasons, the Court finds that Rune Kraft has not carried his burden of demonstrating that the Court should reconsider its May 8, 2017, decision in order "to correct clear error or prevent manifest injustice." The Court, therefore, denies the "Motion Related to Document 146-the Order was not Served in a Timely Manner and is Wrong as a Matter of Law."

> 3. "Notice to the Court, the Chief Judge of the Court and the Chief Judge of the Tenth Circuit and Motion to Void All Rulings Issued in the Case Based on Corruption and Lack of Procedural Due Process" (Doc. 170)

Because Rune Kraft is no longer a party to this lawsuit, he may not continue to participate in the litigation of the merits of this lawsuit. *See U.S. ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 114, 119 (D.D.C. 2003) ("general rule that nonparties may not participate in litigation"). *Cf. Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011) (generally "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"). Even if Rune Kraft acquired an interest in the royalty payments from KAHI, the Court adjudged that KAHI "has no interest or claim to the royalty payments at issue in this case" and dismissed KAHI from the case. (Doc. 132) at 3. Hence, Rune Kraft does not have an interest which is before the Court. *See also* Memorandum Opinion and Order (Doc. 146) (discussion regarding whether to join Rune Kraft

as a defendant). For these reasons and in order to manage its docket in an efficient and expedient manner, the Court strikes the "Notice to the Court, the Chief Judge of the Court and the Chief Judge of the Tenth Circuit and Motion to Void All Rulings Issued in the Case Based on Corruption and Lack of Procedural Due Process." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (holding "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

B. *Request to Deny Motions for Leave to File As Amicus Curiae (Docs. 163, 164, and 166)*

"Historically, *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *United States v. Bd. of Cty. Commissioners of the Cty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015), *aff'd sub nom. United States v. Bd. of Cty. Commissioners of Cty. of Otero*, 843 F.3d 1208 (10th Cir. 2016), *cert. denied sub nom. Bd. of Cty. Comm'rs of Otero Cty., New Mexico v. United States*, 2017 WL 1881715 (2017) (citation omitted). To determine whether to allow an *amicus* brief, courts consider such factors as

> (1) "whether the proposed *amicus* is a disinterested entity"; (2) "whether there is opposition to the entry of the *amicus*"; (3) "whether counsel is capable of making arguments without the assistance of an *amicus*"; (4) "the strength of the information and argument presented by the potential *amicus curiae's* interests"; and (5) "perhaps most importantly," "the usefulness of information and argument presented by the potential *amicus curiae* to the court."

*Id.* (quoting *Ass'n of Am. Sch. Paper Suppliers v. U.S.*, 683 F.Supp.2d 1326, 1328 (Ct. Int'l Trade 2010) (citations omitted)).

In this case, Rune Kraft is certainly not a disinterested person and Oldcastle opposes the entry of the *amicus*. Additionally, although Rune Kraft is purportedly knowledgeable of the facts of the case, the Court has grave concerns that his legal argument would not be useful and,

5

instead, would be confusing, unhelpful, and self-serving. These factors dictate that the Court deny the Motions for Leave to File as *Amicus Curiae*.

*C. Filing Restrictions*

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (*per curiam*) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353(citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

Oldcastle accurately sets forth Rune Kraft's history of filing numerous frivolous motions and papers on his own behalf despite no longer being a party and on behalf of KAHI despite not being an attorney and warned by the Court not to do so. (Doc. 174) at 2. Oldcastle also sets forth the many motions and filings by Rune Kraft which the Court has stricken or denied. *Id.* Given Rune Kraft's filing history and his conduct in this litigation, it is appropriate to restrict his future filing activities to curb the flow of meritless claims. Consequently, the Court proposes to impose filing restrictions on Rune Kraft, as described below.

IT IS FIRST ORDERED that "Defendant Oldcastle Precast, Inc.'s Motion to Strike Rune Kraft's Motions to Void All Rulings (Docs. 161 and 170), Strike his Motion Related to

Document 146 (Doc. 171), Deny his Motions for Leave to File as Amicus Curiae (Docs. 163, 164, and 166) and Instruct the Clerk of the Court Not to Accept Further Pleadings from Rune Kraft" (Doc. 174) is granted in that

    1. the "Motion Related to Document 146-the Order was not Served in a Timely Manner and is Wrong as a Matter of Law" (Doc. 171) is denied;

    2. the "Notice to the Court, the Chief Judge of the Court and the Chief Judge of the Tenth Circuit and Motion to Void All Rulings Issued in the Case Based on Corruption and Lack of Procedural Due Process" (Doc. 170) is stricken; and

    3. the Motions for Leave to File as Amicus Curiae (Docs. 163, 164, and 166) are denied.

IT IS FURTHER ORDERED that the Court proposes to impose the following filing restrictions on Rune Kraft in this matter:

    1. Rune Kraft may file documents by and through a licensed attorney who is admitted to practice before this Court and has appeared in this action and signed the documents to be filed.

    2. Rune Kraft acting *pro se* may file motions asking the Court for permission to file a document, entitled "Rune Kraft's Motion for Leave to File _____," with the title of the document he seeks leave to file filled in the blank. The motion must be no more than five typed, double-spaced pages in length, and must certify that, to the best of Rune Kraft's knowledge, the document he seeks leave to file complies with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico. Rune Kraft must attach to the motion a copy of the document he seeks leave to file, and a copy of the Court's order imposing filing restrictions. Rune Kraft may seek leave to file one document per motion.

    3. Rune Kraft acting *pro se* may file any document that the Court has specifically authorized him to file in a written order, a copy of which order Rune Kraft must attach to the document to be filed.

4.  The Clerk will be directed not to accept, and to return to Rune Kraft without filing, any documents Rune Kraft attempts to file in this matter other than those described in the above three paragraphs.

5.  Within ten days of entry of this Memorandum Opinion and Order, Rune Kraft may file written objections to these proposed filing restrictions.  Rune Kraft's objections must be entitled "Rune Kraft's Objections to Proposed Filing Restrictions," and may be no more than ten typed, double-spaced pages in length.  If Rune Kraft files no timely objections complying with this Memorandum Opinion and Order, the Court will enter the proposed filing restrictions without further notice.  If Rune Kraft files timely objections complying with this Memorandum Opinion and Order, restrictions will take effect only on entry of a subsequent order ruling on the objections.

_____
UNITED STATES DISTRICT JUDGE