IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

       Plaintiff,

vs.                                      Civ. No. 16-26 KG/JHR

OLDCASTLE PRECAST, INC.,
and JOHN DOES 1-5,

       Defendants.

## ORDER ON MOTION TO [SET] ASIDE ORDER TO SHOW CAUSE (DOC. 177) AND MOTION FOR ATTORNEYS' FEES AS SANCTIONS PURSUANT TO RULE 11 (DOC. 158)

This matter comes before the Court upon Rune Kraft's second Motion to [Set] Aside Order to Show Cause (Second Motion to Set Aside Order to Show Cause), filed June 26, 2017, and upon Defendant Oldcastle Precast, Inc.'s (Oldcastle) Motion for Attorneys' Fees as Sanctions Pursuant to Rule 11 (Motion for Attorneys' Fees and Costs), filed May 24, 2017. (Docs. 177 and 158). Having considered both motions, the Court denies the Second Motion to Set Aside Order to Show Cause, awards Oldcastle reasonable attorneys' fees and costs under the Order to Show Cause, and denies the Motion for Attorneys' Fees and Costs as moot.

*A. Background*

      *1. The Order to Show Cause*

On April 12, 2017, the Court entered an Order to Show Cause requiring Rune Kraft to appear in person, at the Las Cruces, New Mexico, Federal Courthouse, on June 29, 2017, "to show cause why he should not be sanctioned, by monetary sanctions, a finding of contempt, and/or a referral to the State Bar of New Mexico for the unauthorized practice of law, for continuing to file pleadings as a non-lawyer on behalf of his business entities…." (Doc. 132) at

4. The Court noted that "Rune Kraft's failure to appear for the in-person show cause hearing may result in additional sanctions for disobeying a Court order…." *Id.*

Despite the Order to Show Cause, Rune Kraft continued filing motions on behalf of Kraft Americas Holdings, Inc. (KAHI), one of Rune Kraft's business entities. (Docs. 137 through 142). Then, on May 1, 2017, Rune Kraft filed his first Motion to Set Aside Order to Show Cause. (Doc. 143).

On May 8, 2017, the Court struck the filings Rune Kraft made on behalf KAHI noting once more "that KAHI cannot participate in this lawsuit without first obtaining legal counsel and that Rune Kraft, as a non-attorney, cannot file legal documents on behalf of KAHI." (Doc. 145) at 1. The Court further stated that

> Rune Kraft's continued refusal to follow the Court's orders regarding KAHI's need to obtain licensed legal counsel and his continued insistence on filing documents on KAHI's behalf do not bode well for Rune Kraft and will significantly bear on whether the Court imposes sanctions at the June 29, 2017, show cause hearing.

*Id.* After the entry of this order, Rune Kraft desisted from filing documents on behalf of KAHI.

Also, on May 8, 2017, the Court denied the first Motion to Set Aside Order to Show Cause. (Doc. 147). The Court rejected the following arguments made by Rune Kraft: (1) that Rune Kraft, a non-lawyer and KAHI corporate officer, can appear in Court on behalf of KAHI; (2) that the Court should waive the Local Rules' requirement that corporations be represented by counsel; and (3) that Rune Kraft was not practicing law because he has no clients. (Doc. 147) at 2. The Court also determined that it would not set aside the Order to Show Cause based on Rune Kraft's assertion that he cannot appear for the show cause hearing because (1) he is 8,300 miles from Las Cruces, (2) traveling to the hearing would be unreasonably expensive and time consuming, and (3) he "has personal and business obligations that make such a trip impossible." *Id.* at 4. The Court, however, allowed Rune Kraft to "file a motion to continue the show cause

hearing until a later, but not unreasonable, date to accommodate his schedule," and, otherwise, ordered Rune Kraft to attend the show cause hearing in-person in Las Cruces. *Id.* at 4 n. 2.

In response to the Court's invitation to file a motion to continue the show cause hearing, Rune Kraft filed on June 19, 2017, a "Notice to the Court, Motion for Clarification and Request that the June 29, 2017 Hearing be Cancelled or Continued" (Notice). (Doc. 172). Rune Kraft stated, as before, that (1) he cannot appear for the show cause hearing because he is 8,300 miles from Las Cruces, (2) traveling to the hearing would be unreasonably expensive and time consuming, and (3) he "has personal and business obligations that make such a trip impossible." *Id.* at 20. In ruling on this Notice on June 20, 2017, the Court decided to provide "Rune Kraft yet another opportunity to explain, in specific detail, what 'personal and business obligations' would prevent him from appearing in-person for the Order to Show Cause hearing." (Doc. 173) at 6. The Court required that by June 23, 2017, Rune Kraft email "to chambers a detailed explanation of what 'personal and business obligations' would prevent him from attending the in-person Order to Show Cause hearing set in Las Cruces on June 29, 2017, at 9:00 a.m." *Id.* at 6-7.

On June 21, 2017, Rune Kraft emailed chambers explaining that his various job duties prevent him from attending the show cause hearing in-person. (Doc. 175). Some of those job duties include supervising employees, managing "critical and time sensitive transactions," overseeing "treasury and cash management activities," and implementing "new and ongoing projects." *Id.*

As a result of this email, the Court vacated the show cause hearing on June 26, 2017, noting that the hearing would be "rescheduled at a later date." (Doc. 176). Also on June 26, 2017, Rune Kraft filed his Second Motion to Set Aside Order to Show Cause. (Doc. 177).

On September 20, 2017, the Court informed Rune Kraft that he may attend a show cause hearing by video conference and required that Rune Kraft provide the Court with the necessary information to set up a hearing using video conference technology. (Doc. 187). The Court stated that it wanted this information from Rune Kraft by the end of October 2017. *Id.*

On October 13, 2017, Rune Kraft responded to the Court by stating that he was in Europe. (Doc. 186) at 2. He did not provide any video conference information nor did he state that he was willing to appear at a show cause hearing by video conference. *Id.*

### 2. Oldcastle's Motion for Attorneys' Fees and Costs

As an initial matter, the Court notes that Oldcastle apparently did not serve the Motion for Attorneys' Fees and Costs on Rune Kraft. Oldcastle, nonetheless, seeks an award of reasonable attorneys' fees and costs against Rune Kraft under Fed. R. Civ. P. 11(b). In support of its motion, Oldcastle states that Rune Kraft filed numerous documents and motions on behalf of his business entities without being a licensed attorney, a clear violation of court orders and the Local Rules, and the basis for the Order to Show Cause. Oldcastle also argues that Rune Kraft, as a nonparty, filed numerous frivolous and unreasonable motions and papers, including a "Motion to Dismiss Based on Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(h)(3)" (Motion to Dismiss) in which Rune Kraft argues that the Court does not have subject matter jurisdiction over himself and Kraft Americas L.P., another of Rune Kraft's business entities. (Doc. 154). Rune Kraft filed the Motion to Dismiss on May 22, 2017, more than a month after the Court entered its Order to Show Cause. On May 24, 2017, Oldcastle responded to the Motion to Dismiss.[1] (Doc. 157). Oldcastle requests that the Court award reasonable attorneys' fees and

---

[1] The Court subsequently struck the Motion to Dismiss because Rune Kraft is no longer a party in this lawsuit. (Doc. 167).

costs it incurred in (1) filing the Motion for Attorneys' Fees and Costs, and (2) responding to the Motion to Dismiss.

## B. Discussion

### 1. The Second Motion to Set Aside Order to Show Cause

Rune Kraft apparently brings this Second Motion to Set Aside Order to Show Cause under Fed. R. Civ. P. 54(b). (Doc. 177) at 6. The Tenth Circuit has analyzed motions to reconsider interlocutory orders under Rule 54(b)[2] and looked to Fed. R. Civ. P. 59(e) for guidance in addressing those motions to reconsider. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that, in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)."). A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed. R. Civ. P. 59(e).").

Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or if there is a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is

---

[2] Rule 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.") (quoting *In re Roemmele,* 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Here, Rune Kraft is not arguing that there is new controlling law or newly discovered evidence which would justify a reconsideration of the Order to Show Cause. Rune Kraft, instead, raises arguments which he could have raised in the first Motion to Set Aside Order to Show Cause. Rune Kraft is essentially attempting to obtain an impermissible "second bite of the apple." *See, e.g., New York Life Ins. Co. v. Legault*, 678 F. App'x 84, 85 (3d Cir. 2017) (affirming district court's decision wherein district court found that party "was essentially attempting to get the proverbial 'second bite of the apple'" when she filed second motion for reconsideration). Moreover, Rune Kraft has not convinced the Court that the Order to Show Cause was arbitrary or "fundamentally unfair in light of governing law." In fact, the law clearly establishes that Rune Kraft, a non-attorney, cannot engage in the unauthorized practice of law by trying to legally represent his business entities in this matter. *See* D.N.M. LR-Cv 83.7 (corporation "must be represented by an attorney authorized to practice before this Court."); D.N.M. LR-Cv 83.8(c) (corporation "can only appear with an attorney" and, absent entry of appearance by an attorney, filings by corporation "may be stricken and default judgment or other sanctions imposed."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556–57 (10th Cir. 2001) (holding that "[a]s a general matter, a corporation or other business entity can only appear in

court through an attorney and not through a non-attorney corporate officer appearing pro se.").

In other words, Rune Kraft has not carried his burden of demonstrating that the Court should reconsider its Order to Show Cause "to correct clear error or prevent manifest injustice." Consequently, the Court denies the Second Motion to Set Aside Order to Show Cause.

### 2. The Order to Show Cause

Having denied the Second Motion to Set Aside Order to Show Cause, the Court addresses the Order to Show Cause. Cognizant that Rune Kraft is evidently living in Europe despite providing the Clerk with a Delaware address,[3] the Court provided Rune Kraft with an opportunity to avoid an in-person appearance at a show cause hearing by appearing via video conference. Rune Kraft's October 13, 2017, email unmistakably demonstrates that Rune Kraft does not intend to appear either in-person or via video conference for a show cause hearing. That being the case, the Court finds that Rune Kraft has no intention of providing cause as ordered in the Order to Show Cause and knowingly waives the opportunity to do so. The Court, therefore, determines that Rune Kraft has failed to show cause why he should not be sanctioned for filing "pleadings as a non-lawyer on behalf of his business entities." *See* (Doc. 132) at 4.

As sanctions for filing pleadings on behalf of his businesses without a license to practice law, the Court orders that Rune Kraft, personally, pay reasonable attorneys' fees and costs incurred by Oldcastle in responding to the Motion to Dismiss. The Court notes that Rune Kraft filed the Motion to Dismiss after the Court entered the Order to Show Cause, but, nonetheless, brought it on behalf of Kraft Americas L.P. by arguing that this Court did not have subject matter jurisdiction over Kraft Americas L.P.

---

[3] Local Rule 83.6 states that "parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses…."

The Court further orders that Rune Kraft, personally, pay reasonable attorneys' fees and costs incurred by Oldcastle in filing the Motion for Attorneys' Fees and Costs. The Court observes that Oldcastle brought the Motion for Attorneys' Fees and Costs, in part, because Rune Kraft purposefully violated the Local Rules and several court orders by filing documents on behalf of KAHI and Kraft Americas L.P.

Given that Rune Kraft has finally desisted in filing documents on behalf of KAHI and Kraft Americas L.P., the Court will not refer Rune Kraft to the State Bar of New Mexico for the unauthorized practice of law.

In light of these rulings, the Court denies Oldcastle's Motion for Attorneys' Fees and Costs as moot. The fact that Oldcastle did not serve the Motion for Attorneys' Fees and Costs on Rune Kraft is, therefore, immaterial.

IT IS ORDERED that

1. the Motion to [Set] Aside Order to Show Cause (177) is denied;

2. Oldcastle will be awarded reasonable attorneys' fees and costs it incurred in responding to Rune Kraft's Motion to Dismiss (Doc. 154) and in bringing the Motion for Attorneys' Fees and Costs (Doc. 158), which Rune Kraft must personally pay;

3. Oldcastle has fourteen days from the date of the entry of this Memorandum Opinion and Order to file a brief establishing those reasonable attorneys' fees and costs;

4. Oldcastle must serve that brief on Rune Kraft and support it with appropriate affidavits and concurrent time records, *see* D.N.M. LR-Cv 54.5;

5. Rune Kraft has fourteen days from the date of service of Oldcastle's brief to oppose the reasonableness of the requested award of attorneys' fees and costs; and

6. Defendant Oldcastle Precast, Inc.'s Motion for Attorneys' Fees as Sanctions Pursuant to Rule 11 (Doc. 158) is denied as moot.

UNITED STATES DISTRICT JUDGE