IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                                                                              Civ. No. 16-26 KG/JHR

OLDCASTLE PRECAST, INC.,
and JOHN DOES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Oldcastle Precast, Inc.'s Motion for Summary Judgment (Motion for Summary Judgment), filed on May 8, 2017. (Doc. 148). Rune Kraft, a nonparty, filed a response on May 18, 2017, which the Court subsequently struck. (Docs. 153 and 167). Defendant Oldcastle Precast, Inc. (Oldcastle) filed a reply on May 23, 2017. (Doc. 155). Having considered the Motion for Summary Judgment and the uncontested circumstances of this case, the Court grants the Motion for Summary Judgment.

*A. Background and Uncontested Facts*

    *1. The Royalty Agreement*

In February 1999, American Building Supply, Inc. agreed to pay royalty payments, both monthly and annually, to Kraft Americas, L.P. (Kraft LP) for aggregate mined in New Mexico. (Doc. 1) at ¶ 4; (Doc. 4-1). In May 2015, CalMat Co. (CalMat) succeeded to the interests of American Building Supply, Inc. (Doc. 1) at ¶ 2; (Doc. 9) at 1. CalMat, therefore, is obligated under the 1999 agreement to pay royalty payments. CalMat contends that it, indeed, paid the royalty payments to "Kraft Americas." (Doc. 9) at ¶ 2 in MC No.15-33 WJ.

*2. Procedural History*

In June 2011, Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan (Inland Concrete) obtained a default judgment in the United States District Court for the Central District of California against Kraft LP and Rune Kraft in the amount of $3,808,483.00, plus interest of 0.18% per annum. (Doc. 1) in MC No. 15-33 WJ; (Doc. 1) at ¶¶ 5 and 10.

To collect on the default judgment, Inland Concrete filed in this Court, in July 2015, a Certification of Judgment for Registration in Another District, which was assigned to United States District Court Judge William Johnson. (Doc. 1) in MC No.15-33 WJ. Inland Concrete then assigned its interest in the default judgment to Oldcastle. (Doc. 1) at ¶ 1.

In August 2015, Judge Johnson granted Oldcastle's Application for Writ of Garnishment and issued a Writ of Garnishment naming CalMat as garnishee and Kraft LP as the judgment debtor. (Docs. 3 and 4) in MC No.15-33 WJ. CalMat then answered the Writ of Garnishment and informed Kraft LP and Kraft Americas Holding, Inc. (KAHI) of the garnishment. (Doc. 6) in MC No.15-33 WJ; (Doc. 9) at 9-10, 52.

CalMat was subsequently notified that Kraft LP had in March 1999, days after entering into the royalty agreement with American Building Supply, Inc., assigned its interest in the royalty agreement to KAHI, thereby allegedly making KAHI the sole beneficiary of the royalty agreement. (Docs. 1-3 and 1-4). Consequently, KAHI, which is not a judgment debtor with respect to the default judgment, claims that CalMat cannot garnish the royalty payments now owed to it. Oldcastle, however, argues that Kraft LP's assignment of the royalty agreement interest to KAHI is invalid and fraudulent, and that KAHI and Kraft LP are, in fact, a single entity owned and managed by Rune Kraft. Hence, Oldcastle concludes that the royalty

2

agreement proceeds are subject to garnishment by virtue of Kraft LP, as a judgment debtor, still being the sole beneficiary of the royalty agreement.

CalMat does not dispute that it owes the royalty payments. (Doc. 1) at ¶ 22. CalMat also takes no position on which party is entitled to the royalty payments. *Id.* CalMat, therefore, claims that it is a disinterested stakeholder who is at risk of suffering multiple liabilities from an erroneous distribution of the royalty proceeds. *Id.* at ¶¶ 22 and 23. Consequently, CalMat filed this interpleader action on January 12, 2016, naming as Defendants Oldcastle, Kraft LP, Rune Kraft, KAHI, and John Does 1-5. Judge Johnson subsequently stayed the garnishment action pending the outcome of this interpleader action. (Doc. 23) in MC No.15-33 WJ.

On October 5, 2016, the Court ordered that the royalty agreement proceeds be interpled. (Doc. 55). At the same time, the Court granted, in part, Rune Kraft's motion to dismiss and dismissed Rune Kraft as a defendant in this action, because Rune Kraft did not himself have a claim to the royalty agreement or royalty payments. (Doc. 56).

In March 2017, the Court held that Rune Kraft "has no basis for further participation in this case," since he is no longer a defendant and does not purport to be a plaintiff. (Doc. 126) at 3. The Court also entered an adverse judgment against Kraft LP because it failed to obtain counsel as required by the Local Rules. *Id.* at 5.

On April 12, 2017, the Court, likewise, entered an adverse judgment against KAHI for not retaining counsel as required by the Local Rules. (Doc. 132). Two days later, Rune Kraft filed a motion requesting that he be re-joined as a defendant because KAHI transferred its interest in the royalty payments to him on April 4, 2017. (Doc. 135).

On May 8, 2017, the Court denied Rune Kraft's motion to be re-joined as a defendant. (Doc. 146). Also, on May 8, 2017, Oldcastle filed this Motion for Summary Judgment.

*B. Summary Judgment Standard*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)*.* The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

*C. Discussion*

As Oldcastle correctly observes, it is the remaining Defendant in this interpleader case. Kraft LP and KAHI have, in effect, defaulted by not obtaining counsel to pursue their interests in the royalty proceeds. Rune Kraft actually sought to be dismissed from the case and was dismissed from the case because he did not have an interest in the royalty proceeds at that time. Under these circumstances, the remaining Defendant, Oldcastle, is entitled to the royalty payments. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").

Nonetheless, Rune Kraft, now a nonparty, insists that since April 4, 2017, he has had an interest in the royalty proceeds, which he received from KAHI. The Court, however, previously adjudged that KAHI essentially defaulted and that it, therefore, has no interest in the royalty

4

proceeds.  Consequently, Rune Kraft, as the transferee, likewise, has no interest before the Court.  The Court further notes that if Rune Kraft, a judgment debtor with respect to the default judgment, now has an interest in the royalty proceeds, those royalty proceeds may be subject to garnishment by Oldcastle.

For the foregoing reasons, the Court determines that as a matter of law Oldcastle is entitled to summary judgment in this matter.

IT IS ORDERED that

1. Defendant OldCastle Precast, Inc.'s Motion for Summary Judgment (Doc. 148) is granted;

2. summary judgment will be entered in Oldcastle's favor and against Rune Kraft, Kraft LP, KAHI, and John Does 1-5;

3. CalMat shall pay future royalty payments to Oldcastle pending resolution of the underlying garnishment proceeding; and

4. no later than ten days from the entry of this Memorandum Opinion and Order, Oldcastle must provide the following information to the Court so that the Court can enter an order of disbursement:

a. the payee's name, address and Social Security number or tax identification number;

b. the amount of principal; and

c. the amount of interest.  *See* D.N.M. LR-Cv 67.1(a).

_____
UNITED STATES DISTRICT JUDGE