IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                                   Civ. No. 16-26 KG/JHR

OLDCASTLE PRECAST, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Rune Kraft's "Objection and Motion for Reconsideration of Order Entered as Document 189" (Motion for Reconsideration), filed on December 13, 2017. (Doc. 201). Defendant Oldcastle Precast, Inc. (Oldcastle) filed a response on December 28, 2017, and Rune Kraft (Kraft) filed a reply on January 4, 2018. (Docs. 214 and 224). Having reviewed the Motion for Reconsideration and the accompanying briefs, the Court grants the Motion for Reconsideration, in part, as described below.

*A. Background*

On December 4, 2017, the Court entered an "Order on Motion to [Set] Aside Order to Show Cause (Doc. 177) and Motion for Attorneys' Fees as Sanctions Pursuant to Rule 11 (Doc. 158)" (Order). (Doc. 189). The Court noted in the Order that on April 12, 2017, it

> entered an Order to Show Cause [OTSC] requiring Rune Kraft to appear in person, at the Las Cruces, New Mexico, Federal Courthouse, on June 29, 2017, "to show cause why he should not be sanctioned, by monetary sanctions, a finding of contempt, and/or a referral to the State Bar of New Mexico for the unauthorized practice of law, for continuing to file pleadings as a non-lawyer on behalf of his business entities…." (Doc. 132) at 4.

(Doc. 189) at 1-2. The OTSC also stated that "Kraft's failure to appear for the in-person show cause hearing may result in additional sanctions for disobeying a Court order…." *Id.* at 2 (quoting (Doc. 132) at 4).

The Court further noted in the Order that it had already denied Kraft's first motion to set aside the OTSC. *Id.* The Court then denied Kraft's second motion to set aside the OTSC (Doc. 177), which was then before the Court, and addressed the merits of the OTSC. *Id.* at 7. The Court concluded that Kraft "failed to show cause why he should not be sanctioned for filing 'pleadings as a non-lawyer on behalf of his business entities.'" *Id.* (quoting (Doc. 132) at 4).

Consequently, the Court imposed the following sanctions under the OTSC. First, the Court ordered that Kraft, personally, pay reasonable attorneys' fees and costs incurred by Oldcastle in responding to Kraft's May 22, 2017, motion to dismiss (Doc. 154). (Doc. 189) at 7. The Court reasoned that this sanction was justifiable under the OTSC because Kraft unlawfully brought the motion to dismiss (Doc. 154) on behalf of Kraft Americas L.P. (Doc. 189) at 7. Second, the Court ordered that Kraft, personally, pay reasonable fees and costs incurred by Oldcastle in filing its May 24, 2017, motion for attorneys' fees and costs (Doc. 158). (Doc. 189) at 8. The Court based the second sanction on the fact that Oldcastle brought the motion for attorneys' fees and costs (Doc. 158), in part, because "Kraft purposefully violated the Local Rules and several court orders by filing documents on behalf of KAHI and Kraft Americas L.P." (Doc. 189) at 8.

Given the above sanctions imposed pursuant to the OTSC, the Court did not decide Oldcastle's motion for attorneys' fees and costs (Doc. 158) and denied that motion as moot. (Doc. 189) at 8. Finally, the Court acknowledged that Oldcastle did not serve the motion for attorneys' fees and costs (Doc. 158) on Kraft, but found that the lack of service was immaterial

in light of the decision to deny the motion for attorneys' fees and costs (Doc. 158) as moot. (Doc. 189) at 8.

Kraft now asks that the Court reconsider the Order and the Court's imposition of sanctions under the OTSC.

B. *Motion for Reconsideration Standard*

The Tenth Circuit has analyzed motions to reconsider interlocutory orders, like this one, under Fed. R. Civ. R. 54(b)[1] and looked to Fed. R. Civ. P. 59(e) for guidance in addressing those motions to reconsider. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that, in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)."). A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed. R. Civ. P. 59(e).").

Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or if there is a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is

---

[1] Rule 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

3

fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.") (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

## C. Discussion

As an initial matter, Kraft notes that Oldcastle does not directly dispute all of the arguments raised in the Motion for Reconsideration. Kraft argues that Oldcastle, therefore, must agree with those arguments. *See* D.N.M. LR-Cv 7.1(b) (failure to file response "constitutes consent to grant the motion."). However, the Tenth Circuit prefers that the Court address the merits of a motion. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits."). In keeping with that Tenth Circuit tenet, the Court can waive a local rule "to avoid injustice," i.e., decide a motion on the merits. D.N.M. LR-Cv 1.7. Moreover, it is clear from Oldcastle's response that it does not consent, in any respect, to the Motion for Reconsideration. The Court, therefore, chooses to decide the Motion for Reconsideration on its merits.

Kraft also argues that the Court should reconsider its Order because (1) Oldcastle did not serve its motion for attorneys' fees and costs (Doc. 158) on him, and (2) Oldcastle did not comply with the procedure under Fed. R. Civ. P. 11 when it filed the motion for attorneys' fees and costs (Doc. 158). Indeed, the Court recognized in the Order that Oldcastle had not served the motion for attorneys' fees and costs (Doc. 158) on Kraft, but found that the lack of service

4

was immaterial because the Court denied the motion for attorneys' fees and costs (Doc. 158) as moot. (Doc. 189) at 8. Moreover, the fact that the Court denied the motion for attorneys' fees and costs (Doc. 158) also moots Kraft's argument that Oldcastle failed to follow Rule 11 when it filed that motion. Kraft's arguments regarding the failure to serve the motion for attorneys' fees and costs (Doc. 158), and the failure to comply with Rule 11, simply fail to establish clear error or any kind of manifest injustice by the Court.

Next, Kraft provides a declaration, which he considers new evidence, in which he states he did not file the motion to dismiss (Doc. 154) on behalf of Kraft Americas L.P. (Doc. 201) at 8. Kraft's declaration clarifies the motion to dismiss (Doc. 154) which, without the clarification, could be construed as having been filed by Kraft on behalf of Kraft Americas L.P. and himself. Kraft's declaration provides sufficient new evidence to justify reconsideration of the portion of the Order requiring Kraft, personally, to pay reasonable attorneys' fees and costs incurred by Oldcastle in responding to the motion to dismiss (Doc. 154). Kraft, therefore, need not pay those attorneys' fees and costs as a sanction pursuant to the OTSC.

Finally, Kraft continues to argue that Kraft Americas Holdings, Inc. (KAHI) can represent itself without an attorney. Contrary to that argument, the Court has repeatedly ruled that federal law does not allow a corporation to represent itself nor does it allow a non-attorney to represent a corporation. *See* D.N.M. LR-Cv 83.7 (corporation "must be represented by an attorney authorized to practice before this Court."); D.N.M. LR-Cv 83.8(c) (corporation "can only appear with an attorney" and, absent attorney's entry of appearance, filings by corporation "may be stricken and default judgment or other sanctions imposed."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556–57 (10th Cir. 2001) (holding that "[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-

5

attorney corporate officer appearing pro se."). Having revisited the representation issue multiple times in this case, the Court will not now reconsider the Order on the basis of that issue.

IT IS ORDERED that

1. Kraft's "Objection and Motion for Reconsideration of Order Entered as Document 189" (Doc. 201) is granted in part; and

2. the Court's "Order on Motion to [Set] Aside Order to Show Cause (Doc. 177) and Motion for Attorneys' Fees as Sanctions Pursuant to Rule 11 (Doc. 158)," (Doc. 189), is amended in that Kraft, personally, must only pay the reasonable attorneys' fees and costs incurred by Oldcastle in filing the motion for attorneys' fees and costs (Doc. 158).

_____
UNITED STATES DISTRICT JUDGE