IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                             Civ. No. 16-26 KG/JHR

OLDCASTLE PRECAST, INC.,

    Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Rune Kraft's "Objection and Motion for Reconsideration of Order Entered as Document 188" (Motion for Reconsideration), filed December 13, 2017. (Doc. 200). Document 188 is the Court's December 4, 2017, Order ruling on "Defendant Oldcastle Precast, Inc.'s Motion to Strike Rune Kraft's Motions to Void All Rulings (Docs. 161 and 170), Strike his Motion Related to Document 146 (Doc. 171), Deny his Motions for Leave to File as Amicus Curiae (Docs. 163, 164, and 166) and Instruct the Clerk of the Court not to Accept Further Pleadings from Rune Kraft" (Oldcastle Motion) (Doc. 174).[1]

Defendant Oldcastle Precast, Inc. (Oldcastle) filed a response to the Motion for Reconsideration on December 28, 2017, and Rune Kraft (Kraft) filed a reply on January 4, 2018. (Docs. 213 and 223). Having reviewed the Motion for Reconsideration and the accompanying briefs, the Court denies the Motion for Reconsideration.

---

[1] Kraft filed separate objections to the Order's proposed filing restrictions, which the Court overruled. (Docs. 199 and 236).

*A. Motion for Reconsideration Standard*

The Tenth Circuit has analyzed motions to reconsider interlocutory orders, like this one, under Fed. R. Civ. R. 54(b)[2] and looked to Fed. R. Civ. P. 59(e) for guidance in addressing those motions to reconsider. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that, in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)."). A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed. R. Civ. P. 59(e).").

Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or if there is a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view

---

[2] Rule 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

it.") (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

B. Discussion

   *1. Oldcastle's Failure to Respond to Each of Kraft's Arguments*

As an initial matter, Kraft notes that Oldcastle does not dispute all of the arguments raised in the Motion for Reconsideration. Kraft argues that Oldcastle, therefore, must agree with those arguments. *See* D.N.M. LR-Cv 7.1(b) (failure to file response "constitutes consent to grant the motion."). However, the Tenth Circuit prefers that the Court address the merits of a motion. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits."). In keeping with that Tenth Circuit tenet, the Court can waive a local rule "to avoid injustice," i.e., decide a motion on the merits. D.N.M. LR-Cv 1.7. Moreover, it is clear from Oldcastle's response that it does not consent, in any respect, to the Motion for Reconsideration. The Court, therefore, will decide the Motion for Reconsideration entirely on its merits.

   *2. Oldcastle's Failure to Serve the Oldcastle Motion on Kraft*

Kraft also contends that the Court should reconsider the Order because Oldcastle did not serve the Oldcastle Motion on Kraft and so Kraft did not have an opportunity to respond to that motion. Kraft asserts in a December 11, 2017, declaration, attached to the Motion for Reconsideration, that he became aware of the Oldcastle Motion only when on December 4, 2017, the Court emailed him its Order ruling on that motion. (Doc. 200) at 16, ¶ 5. Kraft contends that this assertion in the declaration is new evidence not available previously and supports granting the Motion for Reconsideration. (Doc. 223) at 9.

The Court acknowledged in its Order that Oldcastle did not serve the Oldcastle Motion on Kraft, but noted that "[b]ecause Rune Kraft has continued to file matters in his case, after Oldcastle filed its Motion, the Court concludes that Rune Kraft has had access to the docket sheet, and has had an opportunity to see the Motion and to respond to it." (Doc. 188) at 1. Nonetheless, the Court construed the Oldcastle Motion, not as a motion, but as a response to various motions filed by Kraft.[3] *Id.* The Court further acknowledged that "[e]ven if Rune Kraft is unaware of [the Oldcastle] Motion, the matters Oldcastle raises in the Motion are matters which the Court would have addressed in deciding Rune Kraft's motions had Oldcastle simply not responded." *Id.* at 1-2. The Court then observed in footnote 1 that "[a]lthough the Local Rules provide that a failure to respond to a motion constitutes consent to the motion, the Local Rules 'may be waived by a Judge to avoid injustice.'" *Id.* at 2 n.1 (citing and quoting D.N.M. LR-Cv 1.7 and 7.1(b)). The Court, therefore, considered that Kraft may not have been aware of the Oldcastle Motion. Hence, Kraft's statement in his declaration that he was unaware of Oldcastle's Motion until he received the Order does not constitute new evidence upon which to grant the Motion for Reconsideration.

Even construing the Oldcastle Motion as a response to Kraft's motions, Kraft appears to argue that the Court committed clear error and acted in a manifestly unjust manner when it ruled on the Oldcastle Motion without affording Kraft an opportunity to reply to that motion. The Court analyzes whether denying Kraft that opportunity to reply was harmless error under Fed. R. Civ. P. 61. Rule 61 provides that "[a]t every stage of the proceeding the court must disregard all errors and defects that do not affect any party's substantial rights."

---

[3] If the Court had not treated the Oldcastle Motion as a response, the Court agrees with Kraft that he should have been allowed to file a response to the Oldcastle Motion.

4

Kraft has not shown that a reply would have changed the outcome of the Court's Order. Consequently, Kraft has not demonstrated that his inability to file a reply has affected any substantial rights. *Cf. United States v. Cooper*, 680 Fed. Appx. 844, 848 n. 3 (11th Cir. 2017) (holding under Fed. R. Crim P. 52(a), a criminal rule analogous to Rule 61, that court's ruling before receiving reply was harmless error not affecting substantial rights because defendant did not show reply "would have changed the outcome."). Additionally, Kraft has not cited authority that requires a court to "require more briefing on a motion that has no chance of success." *Ibeagwa v. I.R.S.*, 2015 WL 3791538, at *1 (W.D. Wis.). Ruling prior to receiving any reply to the Oldcastle Motion, therefore, was at most harmless error and is not a basis for granting the Motion for Reconsideration. *See Tawfilis v. Allergan, Inc.*, 2015 WL 9982762, at *2 (C.D. Cal.) ("a motion to reconsider should not be granted where an error is found to be harmless.").

*3. Lack of Personal and Subject Matter Jurisdiction*

Next, Kraft argues that the Court committed clear error and acted in a manifestly unjust way in entering its Order because the Court in the underlying garnishment case, 1:15-mc-00033-WJ, lacks personal and subject matter jurisdiction, i.e, the "writ of attachment" and underlying default judgement are void. (Doc. 200) at 2. Kraft, however, does not assert that the Court lacks personal or subject matter jurisdiction over this interpleader lawsuit, the lawsuit in which the Court entered the Order. In addition, Kraft does not cite any legal authority to support his jurisdictional arguments nor does he submit any evidence to support his factual allegations. *See* D.N.M. LR-Cv 7.3(a) (motion "must cite authority in support of the legal positions advanced") and (b) ("[m]ovant must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact."). The arguments related to 1:15-mc-00033-WJ,

5

therefore, do not show that the Court committed clear error by entering the Order in this lawsuit or that reconsideration of the Order is necessary to prevent a manifest injustice.

> *4. The Court's Decision to Strike Kraft's "Notice to the Court, the Chief Judge of the Court and the Chief Judge of the Tenth Circuit and Motion to Void All Rulings Issued in the Case Based on Corruption and Lack of Procedural Due Process" (Doc. 170)*

Kraft further contends that the Court committed clear error and acted in a manifestly unjust manner by striking his "Notice to the Court, the Chief Judge of the Court and the Chief Judge of the Tenth Circuit and Motion to Void All Rulings Issued in the Case Based on Corruption and Lack of Procedural Due Process" (Notice) (Doc. 170). The Court struck that Notice because Kraft is no longer a party to this lawsuit, because Kraft does not have an interest before the Court, and to efficiently and expeditiously manage its docket. (Doc. 188) at 4-5. In his Motion for Reconsideration, Kraft admittedly reasserts previous arguments to persuade the Court to reconsider its decision to strike the Notice. (Doc. 200) at 4 ("Kraft has made all of the above points in court filings attempting to show that the Court looks more and more like an emperor without clothes."). Revisiting issues the Court has already addressed or raising arguments that could have been made in prior briefing does not support granting a motion to reconsider under Rule 54(b).

> *5. The Court's Decision to Deny Kraft's "Motion Related to Document 146-the Order was not Served in a Timely Manner and is Wrong as a Matter of Law" (Doc. 171)*

Kraft also appears to assert that the Court committed clear error and acted in a manifestly unjust way by denying his "Motion Related to Document 146-the Order was not Served in a Timely Manner and is Wrong as a Matter of Law" (Motion Related to Document 146). (Doc. 171). The Court construed the Motion Related to Document 146 as a motion to reconsider its May 8, 2017, decision (Doc. 146) denying Kraft's April 14, 2017, motion to be re-joined as a Defendant in this lawsuit (Doc. 135). Kraft argued that the Court should re-join him as a

Defendant because Kraft Americas Holdings, Incorporated (KAHI) transferred its interest in the royalty payments at issue to him on April 4, 2017, prior to the Court's April 12, 2017, dismissal of KAHI and determination that KAHI has no interest in the royalty payments.[4] (Docs. 135 and 132). The Court based its April 12, 2017, decision regarding KAHI on its failure to retain counsel. (Doc. 132) at 3. The Court relied on Fed. R. Civ. P. 25(c) (substitution of party when interest transferred) to deny the motion to be re-joined as a Defendant. (Doc. 146) at 1-2.

Kraft contends, and the Court acknowledged in its Order, that the Court did not mail the May 8, 2017, decision to Kraft until June 1, 2017. (Doc. 188) at 4. Kraft argues that this late mailing of the decision caused him to be unable "to make appropriate court filings based on what had already occurred at the Court." (Doc. 200) at 5. This argument is disingenuous since Kraft subsequently filed his Motion Related to Document 146 on June 19, 2017, and, thus, was able to challenge the Court's May 8, 2017, decision.

Kraft also notes that he expected the Court to grant his Motion Related to Document 146 because Oldcastle did not respond to that motion and failure to respond constitutes consent to the motion under Local Rule 7.1(b). As noted above, the Court construed the Oldcastle Motion as a response to Kraft's various motions, including the Motion Related to Document 146. Since Local Rule 7.1(b) only applies to a failure to respond, Local Rule 7.1(b) does not apply to this situation wherein the Court considered the Oldcastle Motion to be a response.

Kraft then argues, as he previously argued, that he has standing to re-join the lawsuit as a Defendant because KAHI transferred the interest in the royalty proceeds to him on April 4, 2017, and KAHI, therefore, had no interest in the royalty payments when on April 12, 2017, the Court

---

[4] The Court did not know about the April 4, 2017, transfer of interest to Kraft until Kraft filed his motion to be re-joined as a Defendant on April 14, 2017, two days after the Court dismissed KAHI and determined that it did not have an interest in the royalty payments.

dismissed it from this case. Considering Kraft is not a party and the Court had already dismissed KAHI when Kraft filed the April 14, 2017, motion to be re-joined as a Defendant, Kraft had two avenues to re-join the lawsuit as a Defendant.

One avenue for a nonparty to join a lawsuit is to request substitution of a party under Rule 25(c), a rule which relies on the transfer of an interest. In discussing the potential applicability of Rule 25(c) to the transfer of interest situation here, the Court acknowledged in its order denying the motion to re-join as a Defendant that KAHI was no longer a Defendant and, thus, held it would be "superfluous" or of no avail to substitute Kraft for KAHI. (Doc. 146) at 2 (citing *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 2008 WL 11333741, at *1 (D. Kan.), *aff'd*, 322 F. App'x 630 (10th Cir. 2009) (declining to exercise discretion to substitute party under Rule 25(c) "because this case has been dismissed, and substitution will not change that outcome.")). In other words, the point of a substitution under Rule 25(c) is to substitute for a party, which cannot occur if the original party is no longer a party. Consequently, the Court held that for that reason, and for two other reasons,[5] Rule 25(c) did not provide a mechanism to re-join Kraft as a Defendant.

A second avenue for a nonparty to join a lawsuit is to request to intervene under Fed. R. Civ. P. 24. The Ninth Circuit in *United States v. High Country Broadcasting Co, Inc.* addressed

---

[5] The Court also found that a Rule 25(c) substitution would be inappropriate for the following reasons. "First, considering Rune Kraft's continuing failure to follow the Court's rules and orders, Rune Kraft's participation in this case would only 'be highly disruptive of the orderly administration of the litigation.'" (Doc. 146) at 2 (quoting *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984) (finding no abuse of discretion when "district court refused substitution [under Rule 25(c)] because Patterson's participation had been and would continue to be highly disruptive of the orderly administration of the litigation.")). Second, "KAHI cannot transfer its interest in the interpleaded funds to Rune Kraft to 'circumvent the rule' that a corporation cannot 'litigate claims in this court without the services of an attorney.'" *Id.* (quoting *Finast Metal Prod., Inc. v. United States*, 12 Cl. Ct. 759, 762 (1987)).

a motion to intervene scenario remarkably similar to this one. 3 F.3d 1244, 1245 (9th Cir. 1993). In that case, the district court ordered the defendant corporation to retain counsel. *Id.* The corporation failed to retain counsel, so the district court entered a default judgment against the corporation. *Id.* The corporation's president, a non-attorney, then moved to intervene *pro se*. *Id.* The district court denied the motion to intervene. *Id.* The Ninth Circuit noted that the corporation's president and the corporation had identical interests in the lawsuit and that the motion to intervene by the corporation's president was, in fact, an attempt to represent the corporation *pro se* in contravention of federal law. *Id.* The Ninth Circuit further noted that the corporation's president was responsible for the corporation's failure to retain counsel. *Id.* Based on these circumstances, the Ninth Circuit concluded that the district court did not err in denying the motion to intervene. *Id.* Other jurisdictions have also determined that a corporate officer or shareholder cannot circumvent the corporate representation requirement by filing a motion to intervene. *See Motionless Keyboard Co. v. Microsoft Corp.,* 184 Fed.Appx. 967, 968 (Fed. Cir. 2006) (concluding that allowing company shareholder to intervene rather than hire replacement counsel for corporation would constitute end-run around rule requiring corporate counsel); *Jacobs v. Patent Enforcement Fund, Inc.,* 230 F.3d 565, 569 (2d Cir. 2000) (finding that district court abused its discretion in allowing intervention by president and sole officer/director of company, where intervention was effectively effort to enable company to appear without counsel).

Like *High Country Broadcasting Co. Inc.*, Kraft filed his motion to be re-joined as a Defendant after the Court dismissed KAHI as a Defendant and entered an adverse judgment against KAHI for its failure to retain counsel. (Docs. 132 and 135). Interestingly, Kraft waited only two days from the date of the Court's dismissal of KAHI to file his motion to be re-joined

9

as a Defendant. The KAHI board of directors also authorized Kraft, a KAHI officer, to act on KAHI's behalf as early as February 2017. (Doc. 120) at 20. From October 2016 until the Court's dismissal of KAHI in April 2017, Kraft knew from court orders that corporations, like KAHI, can appear in federal court only through a lawyer. *See* (Docs. 56, 85, 126). Nonetheless, as KAHI's agent, Kraft persisted in not retaining counsel for KAHI, similar to the failure by the corporation's president in *High Country Broadcasting Co., Inc.* to retain counsel for his corporation. Furthermore, despite KAHI's transfer of its interest in the royalty payments to Kraft, the actions of Kraft throughout this lawsuit demonstrate that Kraft and KAHI's close relationship is such that Kraft seeks to intervene in an attempt to circumvent the corporate representation requirement. *See Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 23 (2d Cir.1983) (holding that "[i]n light of … policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual."). These circumstances are akin to the circumstances in *High Country Broadcasting Co., Inc.*, and fail to provide an appropriate basis for using Rule 24 as a mechanism to re-join Kraft as a Defendant.

In sum, for the aforementioned reasons, Kraft has not demonstrated that the denial of the Motion Related to Document 146 constituted clear error or was manifestly unjust. Accordingly, the Court will not reconsider its decision to deny the Motion Related to Document 146.

*6. Waiver of the Local Rules*

Finally, Kraft argues that the Court committed clear error and acted in a manifestly unjust manner by waiving the Local Rules with respect to Oldcastle when Oldcastle should not prevail in this lawsuit. In footnote 1 of the Order, the Court waived the Local Rule providing that a

failure to respond constitutes consent to a motion in order to address the merits of Kraft's motions, i.e. "to avoid injustice." *See* D.N.M. LR-Cv 7.1 (Local Rules "may be waived by a Judge to avoid injustice."). As previously stated, the Tenth Circuit prefers that the Court address the merits of a case. *See Lee*, 638 F.3d at 1321 ("our legal system strongly prefers to decide cases on their merits."). Waiver of the Local Rules to address the merits of a motion, thus, does not constitute clear error nor is such a waiver manifestly unjust.

*C. Conclusion*

Many of Kraft's arguments in support of the Motion for Reconsideration are attempts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. Furthermore, Kraft does not base his arguments on either new controlling law or new evidence not available previously. Kraft's arguments based ostensibly on a "need to correct clear error or prevent manifest injustice" fail as well because Kraft has not carried his burden of demonstrating that the Court's Order is "arbitrary, capricious, whimsical, or manifestly unreasonable" or "fundamentally unfair in light of governing law." *Wright ex rel. Trust Co. of Kan.*, 259 F.3d at 1236; *Smith*, 2015 WL 4324167 at *3. For the foregoing reasons, the Court determines that the Motion for Reconsideration lacks merit and should be denied.

IT IS, THEREFORE, ORDERED that Kraft's "Objection and Motion for Reconsideration of Order Entered as Document 188" (Doc. 200) is denied.

UNITED STATES DISTRICT JUDGE