IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                            Civ. No. 16-26 KG/JHR

OLDCASTLE PRECAST, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Rune Kraft's "Objection and Motion for Reconsideration of Orders Entered as Document 190 and Document 191" (Motion for Reconsideration), filed December 13, 2017. (Doc. 202). Rune Kraft (Kraft) requests that the Court reconsider its Memorandum Opinion and Order (Doc. 190) in which the Court granted "Defendant Oldcastle Precast, Inc.'s Motion for Summary Judgment" (Oldcastle's Motion for Summary Judgment) (Doc. 148), and the Court's Final Summary Judgment (Doc. 191) in which the Court entered summary judgment in favor of Defendant Oldcastle Precast, Inc. (Oldcastle) and against Kraft; Kraft Americas L.P.; Kraft Americas Holdings, Incorporated (KAHI); and John Does 1-5. Oldcastle filed a response to the Motion for Reconsideration on December 28, 2017, and Kraft filed a reply on January 4, 2018. (Docs. 215 and 225). Having considered the Motion for Reconsideration and the accompanying briefing, the Court denies the Motion for Reconsideration.

*A. Motion for Reconsideration Standard*

The Court construes a motion to reconsider a judgment as either a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment or a Fed. R. Civ. P. 60(b) motion for relief from judgment or order, depending on its filing date. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating Rule 59(e) and 60(b) are distinct, and noting that which rule applies depends on when motion is served). Because Kraft filed the Motion for Reconsideration within 28 days of the Court's entry of the underlying Memorandum Opinion and Order (Doc. 190), and Final Summary Judgment (Doc. 191), the Court construes the Motion for Reconsideration as a Rule 59(e) motion. *See id.* ("If a motion is served within [28] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b).") (internal citations omitted); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or if there is a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record

2

presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.") (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. Also, a Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed. R. Civ. P. 59(e).").

*B. Discussion*

   *1. Oldcastle's Failure to Respond to Each of Kraft's Arguments*

As an initial matter, Kraft notes that Oldcastle does not dispute all of the arguments raised in the Motion for Reconsideration. Kraft argues that Oldcastle, therefore, must agree with those arguments. *See* D.N.M. LR-Cv 7.1(b) (failure to file response "constitutes consent to grant the motion."). However, the Tenth Circuit prefers that the Court address the merits of a motion. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits."). In keeping with that Tenth Circuit principle, the Court can waive a local rule "to avoid injustice," i.e., to decide a motion on the merits. D.N.M. LR-Cv 1.7. Moreover, it is clear from Oldcastle's response that it does not consent, in any respect, to the Motion for Reconsideration. The Court, therefore, will decide the Motion for Reconsideration entirely on its merits.

   *2. New Evidence*

Kraft attaches to the Motion for Reconsideration a "Motion for Leave to File Surreply" to Oldcastle's Motion for Summary Judgment. (Doc. 202) at 12-19. Kraft argues that this Motion for Leave to File Surreply is new evidence. Kraft contends that the Court never ruled on the

Motion for Leave to File Surreply and implies that the Court or Clerk's Officer never filed the Motion for Leave to File Surreply. The Clerk's Office, indeed, received the Motion for Leave to File Surreply on May 26, 2017, and filed it the same day. *See* (Doc. 160) at 1 and 9. The Court also struck the Motion for Leave to File Surreply on June 6, 2017. (Doc. 167). The order striking the Motion for Leave to File Surreply was emailed to KAHI and mailed to both KAHI and Kraft. *See* Notice of Electronic Filing, (Doc. 167). For the foregoing reasons, Kraft's Motion for Leave to Filed Surreply does not constitute new evidence with which to support a reconsideration of the Court's ruling on Oldcastle's Motion for Summary Judgment.

      *3. Clear Error or Manifest Injustice*

Kraft makes several arguments that the Court should reconsider its rulings on Oldcastle's Motion for Summary Judgment to correct clear error or prevent a manifest injustice. First, Kraft has several complaints regarding the underlying garnishment case, 1:15-mc-00033 WJ. Kraft complains the Plaintiff in the garnishment case did not serve him or Kraft Americas L.P. with a summons and complaint. Kraft also complains about Oldcastle's status as a nonparty in the garnishment case and its actions in that case. Additionally, Kraft complains that the Court in the garnishment case lacks subject matter jurisdiction and that Oldcastle lacks standing to proceed in that case. Next, Kraft complains that there is no basis in equity or law "for the purported underlying claims against Rune Kraft and Kraft Americas, L.P." (Doc. 202) at 6. These complaints about 1:15-mc-00033 WJ, though, do not affect the Court's determination to grant summary judgment in favor of Oldcastle in this separate interpleader case.

Second, Kraft asserts that Oldcastle "has never served a single motion and/or pleading on Rune Kraft (and/or Kraft Americas, L.P. and/or Kraft Americas Holdings, Inc.) pursuant to Federal Rules of Civil Procedures [sic] and Local Rules of Civil Procedure." (Doc. 202) at 4.

4

The docket sheet in this case belies this assertion. The Notice of Electronic Filing for (Doc. 40), for example, shows that Oldcastle served its response to several of Kraft's "Notices" by emailing that response to counsel for KAHI and to Kraft, personally. *See* Fed. R. Civ. P. 5(b)(1) (requiring service on attorney if party is represented by attorney); Fed. R. Civ. P. 5(d)(3) (allowing service by electronic means); D.N.M. LR-Cv 5.1 (allowing electronic service). Of course, Oldcastle was not required to serve motions and pleadings on Kraft Americas, L.P. because it never appeared in this case, i.e., Kraft Americas, L.P. never retained counsel to represent it in this case. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel."); 4B *Fed. Prac. & Proc. Civ.* § 1144 (4th ed.) ("a party who has not appeared is not entitled to service under Rule 5…."). Once the Court dismissed Kraft and KAHI from this lawsuit and they were no longer parties to this lawsuit, Oldcastle, likewise, was not required to serve motions and pleadings on Kraft and KAHI. *See* Fed. R. Civ. P. 5(a)(1) (stating that "papers must be served on every party….").

Third, Kraft provides a list of documents which he argues "prove unequivocally that Oldcastle Precast, Inc. is not entitled to anything from this Court related to this matter…." (Doc. 202) at 4. Kraft specifically asserts that "the activities directed against Rune Kraft and the corporate entities that Rune Kraft is involved with have been and are sustained through false and fraudulent court filings." (Doc. 202) at 6. The documents Kraft cites in support of his position are (Docs. 153, 160, 163, 164, 165, 166, 170, 172, and 177). (Doc. 202) at 4-5. The Court, however, either struck or denied those documents. *See* (Docs. 167, 173, 188, and 189). Consequently, Kraft cannot rely on those documents to support his Motion for Reconsideration.

Fourth, Kraft argues that, although he is a nonparty, he has standing to participate in this lawsuit because KAHI transferred the interest in the subject royalty proceeds to him on April 4, 2017, just prior to the Court's April 12, 2017, dismissal of KAHI and determination that KAHI does not have an interest in the royalty payments. (Doc. 135) at 6; (Doc. 132). The Court based its April 12, 2017, decision regarding KAHI on KAHI's failure to retain counsel.

The Court did not know at the time of its dismissal of KAHI that KAHI had transferred its interest in the royalty payments to KAHI. Two days after the Court's dismissal of KAHI, Kraft informed the Court about the transfer of the interest in his April 14, 2017, motion to be re-joined as a Defendant in this lawsuit. In fact, the Court denied Kraft's motion to be re-joined as a Defendant by relying on Fed. R. Civ. P. 25(c) (substitution of party when interest transferred). (Doc. 146). Considering Kraft is not a party and the Court has already dismissed KAHI, Kraft has two avenues to re-join the lawsuit as a Defendant.

One avenue for a nonparty to join a lawsuit is to request substitution of a party under Rule 25(c), a rule which relies on the transfer of an interest. In discussing the potential applicability of Rule 25(c) to the transfer of interest situation here, the Court acknowledged in its order denying the motion to re-join as a Defendant that KAHI was no longer a Defendant and, thus, it would be "superfluous" or of no avail to substitute Kraft for KAHI. (Doc. 146) at 2 (citing *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 2008 WL 11333741, at *1 (D. Kan.), *aff'd,* 322 F. App'x 630 (10th Cir. 2009) (declining to exercise discretion to substitute party under Rule 25(c) "because this case has been dismissed, and substitution will not change that outcome."). In other words, the point of a substitution under Rule 25(c) is to substitute for a party, which cannot occur if that original party is no longer a party. Consequently, the Court held that for that reason,

and for two other reasons,[1] Rule 25(c) did not provide a mechanism to re-join Kraft as a Defendant.

A second avenue for a nonparty to join a lawsuit is to request to intervene under Fed. R. Civ. P. 24. The Ninth Circuit in *United States v. High Country Broadcasting Co, Inc.* addressed a motion to intervene scenario remarkably similar to this one. 3 F.3d 1244, 1245 (9th Cir. 1993). In that case, the district court ordered the defendant corporation to retain counsel. *Id.* The corporation failed to retain counsel, so the district court entered a default judgment against the corporation. *Id.* The corporation's president, a non-attorney, then moved to intervene *pro se*. *Id.* The district court denied the motion to intervene. *Id.* The Ninth Circuit noted that the corporation's president and the corporation had identical interests in the lawsuit and that the motion to intervene by the corporation's president was, in fact, an attempt to represent the corporation *pro se* in contravention of federal law. *Id.* The Ninth Circuit further noted that the corporation's president was responsible for the corporation's failure to retain counsel. *Id.* Based on these circumstances, the Ninth Circuit concluded that the district court did not err in denying the motion to intervene. *Id.* Other jurisdictions also have determined that a corporate officer or shareholder cannot circumvent the corporate representation requirement by filing a motion to intervene. *See Motionless Keyboard Co. v. Microsoft Corp.*, 184 Fed.Appx. 967, 968 (Fed. Cir.

---

[1] The Court also found that a Rule 25(c) substitution would be inappropriate for the following reasons. "First, considering Rune Kraft's continuing failure to follow the Court's rules and orders, Rune Kraft's participation in this case would only 'be highly disruptive of the orderly administration of the litigation.'" (Doc. 146) at 2 (quoting *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984) (finding no abuse of discretion when "district court refused substitution [under Rule 25(c)] because Patterson's participation had been and would continue to be highly disruptive of the orderly administration of the litigation.")). Second, "KAHI cannot transfer its interest in the interpleaded funds to Rune Kraft to 'circumvent the rule' that a corporation cannot 'litigate claims in this court without the services of an attorney.'" *Id.* (quoting *Finast Metal Prod., Inc. v. United States*, 12 Cl. Ct. 759, 762 (1987)).

2006) (concluding that allowing company shareholder to intervene rather than hire replacement counsel for corporation would constitute end-run around rule requiring corporate counsel); *Jacobs v. Patent Enforcement Fund, Inc.,* 230 F.3d 565, 569 (2d Cir. 2000) (finding that district court abused its discretion in allowing intervention by president and sole officer/director of company, where intervention was effectively effort to enable company to appear without counsel).

Like *High Country Broadcasting Co. Inc.*, Kraft filed his motion to be re-joined as a Defendant after the Court dismissed KAHI as a Defendant and entered an adverse judgment against KAHI for its failure to retain counsel. (Docs. 132 and 135). Interestingly, Kraft waited only two days from the date of the Court's dismissal of KAHI to file his motion to be re-joined as a Defendant. The KAHI board of directors also authorized Kraft, a KAHI officer, to act on KAHI's behalf as early as February 2017. (Doc. 120) at 20. From October 2016 until the Court's dismissal of KAHI in April 2017, Kraft knew from court orders that corporations, like KAHI, can appear in federal court only through a lawyer. *See* (Docs. 56, 85, 126). Nonetheless, as KAHI's agent, Kraft persisted in not retaining counsel for KAHI, similar to the failure by the corporation's president in *High Country Broadcasting Co., Inc.* to retain counsel for his corporation. Furthermore, despite KAHI's transfer of its interest in the royalty payments to Kraft, the actions of Kraft throughout this lawsuit demonstrate that Kraft and KAHI's close relationship is such that Kraft seeks to intervene in an attempt to circumvent the corporate representation requirement. *See Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 23 (2d Cir.1983) (holding that "[i]n light of … policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the

corporation's claims to the lay individual."). These circumstances, akin to the circumstances in *High Country Broadcasting Co., Inc.*, fail to provide an appropriate basis for using Rule 24 as a mechanism to re-join Kraft as a Defendant.

Finally, Kraft asserts that "employees and officers of this Court, since the inception of this matter at this Court, have turned a blind eye to adherence to the rules that govern civil court proceedings at this Court." (Doc. 202) at 8. Kraft has previously raised this assertion in multiple pleadings, which the Court has already addressed. Rule 59(e) does not permit a movant to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

In sum, for the aforementioned reasons, Kraft's arguments based ostensibly on a "need to correct clear error or prevent manifest injustice" fail because Kraft has not carried his burden of demonstrating that the Court's Memorandum Opinion and Order (Doc. 190) and Final Summary Judgment (Doc. 191) are "arbitrary, capricious, whimsical, or manifestly unreasonable" or "fundamentally unfair in light of governing law." *Wright ex rel. Trust Co. of Kan.*, 259 F.3d at 1236; *Smith*, 2015 WL 4324167 at *3.

IT IS ORDERED that Kraft's "Objection and Motion for Reconsideration of Orders Entered as Document 190 and Document 191" (Doc. 202) is denied.

_____
UNITED STATES DISTRICT JUDGE