IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALMAT CO.,

    Plaintiff,

vs.                                                                          Civ. No. 16-26 KG/JHR

OLDCASTLE PRECAST, INC.,

    Defendant.

ORDER

This matter comes before the Court upon Oldcastle Precast, Inc.'s Motion for Attorneys' Fees and Costs (Motion for Attorneys' Fees and Costs), filed December 18, 2017.[1] (Doc. 208). Rune Kraft filed a response on January 2, 2018, and Oldcastle Precast, Inc. (Oldcastle) filed a reply on January 16, 2018. (Docs. 218 and 229). Considering the Motion for Attorneys' Fees and Costs (Doc. 208), and the accompanying briefing, the Court grants the Motion for Attorneys' Fees and Costs (Doc. 208), in part, in that the Court awards Oldcastle a total of $670.71 in attorneys' fees.

*A. Background*

On December 4, 2017, the Court ordered that (1) Oldcastle "will be awarded reasonable attorneys' fees and costs it incurred in responding to Rune Kraft's Motion to Dismiss (Doc. 154) and in bringing the Motion for Attorneys' Fees and Costs (Doc. 158), which Rune Kraft must personally pay," and (2) Oldcastle file a brief establishing those reasonable attorneys' fees and

---

[1] The Court notes that Rune Kraft filed a notice of appeal on December 13, 2017. (Doc. 195). On May 30, 2019, the Tenth Circuit Court of Appeals issued its mandate and opinion dismissing the appeal. (Doc. 244). Because the outcome of the appeal could have affected the Court's determination of the Motion for Attorneys' Fees and Costs (Doc. 208), the Court waited until the Tenth Circuit Court of Appeals ruled on the appeal to address the motion.

costs. (Doc. 189) at 8. On December 13, 2017, Rune Kraft filed a motion to reconsider that order awarding attorneys' fees and costs. (Doc. 201). On December 18, 2017, Oldcastle filed this Motion for Attorneys' Fees and Costs (Doc. 208) in response to the Court's December 4, 2017, order requiring the filing of a brief establishing reasonable attorneys' fees and costs. The parties fully briefed that motion by January 16, 2018. On June 18, 2018, the Court granted Rune Kraft's motion to reconsider, in part, ordering that Rune "Kraft, personally, must only pay the reasonable attorneys' fees and costs incurred by Oldcastle in filing the motion for attorneys' fees and costs (Doc. 158)." (Doc. 238) at 6.

*B. The Motion for Attorneys' Fees and Costs (Doc. 208)*

Oldcastle attorney, Jesse C. Hatch, attests in an affidavit that his hourly rate is $225 per hour and that the hourly rate for Brook Gotberg, another attorney for Oldcastle, is $195 per hour, both "customary rates charged by attorneys of similar experience for this type of work in New Mexico." (Doc. 208-2) at ¶¶ 6 and 9. The billing invoice submitted by Oldcastle shows that Mr. Hatch spent 0.9 hours preparing a "Rule 11 Motion for Sanctions," i.e., the Motion for Attorneys' Fees and Costs (Doc. 158). (Doc. 208-1) at 1. The billing invoice also shows that Ms. Gotberg spent 3.5 hours drafting a "Response to Motion to Dismiss and Motion for Sanctions," i.e., the Motion for Attorneys' Fees and Costs (Doc. 158). *Id.* at 2. Ms. Gotberg also spent 0.8 hours preparing a "strategy for responding to Rune filings." *Id.* Oldcastle does not seek any costs.

Rune Kraft's response does not dispute the reasonableness of the billing rates or the billed time expenditures. Rune Kraft basically reiterates the arguments which he raised in the motion to reconsider, which the Court has ruled on.

*C. Discussion*

To determine the reasonableness of a fee request, the Court calculates the so-called "lodestar amount," which presumptively reflects a "reasonable" fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563–65 (1986); *Cooper v. Utah,* 894 F.2d 1169, 1171 (10th Cir.1990). The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Phelps v. Hamilton,* 120 F.3d 1126, 1131 (10th Cir.1997).

The Court exercises its discretion in setting a reasonable hourly rate. *Carter v. Sedgwick County,* 36 F.3d 952, 956 (10th Cir.1994). Hourly rates must reflect the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984). A court abuses its discretion to set market rates when it ignores market rate evidence such as affidavits submitted by the parties. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.,* 157 F.3d 1243, 1256 (10th Cir.1998). Moreover, some circuit courts have held that if the evidence of the market rate is uncontested, the lower court abuses its discretion if it adjusts the requested market rate downward. *Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996) (quoting *Griffiths v. Cigna Corp.*, 77 F.3d 462 (3d Cir. 1995)); *Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995); *Bankston v. State of Ill.*, 60 F.3d 1249, 1256 (7th Cir. 1995).

The Court finds that Mr. Hatch's expenditure of 0.9 hours for preparing the Motion for Attorney's Fees and Costs (Doc. 158) is reasonable. Since Ms. Gotberg's time expenditures reflect time spent on both a motion to dismiss and the Motion for Attorneys' Fees and Costs (Doc. 158), the Court halves those times to determine that Ms. Gotberg reasonably spent 2.15 hours on the Motion for Attorneys' Fees and Costs (Doc. 158). Moreover, because Oldcastle

submitted a sworn affidavit to establish reasonable billing rates and Rune Kraft does not oppose those rates, the Court finds the billing rates for Mr. Hatch and Ms. Gotberg are reasonable.

Applying the lodestar method (Mr. Hatch: 0.9 hours x $225 = $202.50; Ms. Gotberg: 2.15 hours x $195 = $419.25), the Court calculates that reasonable attorneys' fees are $621.75. The Court further calculates that a gross receipts tax of 7.8750% on $621.75 amounts to $48.96. *See* Gross Receipts Tax Schedule for Albuquerque, effective July 1, 2019, through December 31, 2019 (http://tax.newmexico.gov/gross-receipts-tax-historic-rates.aspx). The Court, therefore, awards Oldcastle a total of $670.71 ($621.75 + $48.96) for reasonable attorneys' fees incurred in bringing the Motion for Attorneys' Fees and Costs (Doc. 158).

IT IS ORDERED that Oldcastle Precast, Inc.'s Motion for Attorneys' Fees and Costs (Doc. 208) is granted, in part, in that Rune Kraft must personally pay Oldcastle $670.71 in attorneys' fees no later than August 15, 2019.

IT IS FURTHER ORDERED that Rune Kraft's failure to comply with this Order may result in additional monetary sanctions.

_____
UNITED STATES DISTRICT JUDGE